## J. W. YARBOROUGH V. THE STATE.

### No. 1732. Decided April 24, 1912.

**1.—Aggravated Assault—Self-Defense—Trespasser.**

Where, upon trial of aggravated assault, the evidence showed that the defendant was a trespasser at the time, there was no error in the court's refusal to submit the issue of self-defense.

**2.—Same—Charge of Court—Defensive Theory.**

Where, upon trial of aggravated assault, there was testimony that the alleged female picked up a scale beam and drew it back as if to strike defendant, and defendant caught it and wrenched it from her hand and did not in any wise assault her, this issue should have been submitted, although defendant was wrongfully on the premises and engaged in an illegal act at the time.

**3.—Same—Rule Stated—Requested Charge.**

Where all the evidence showed that one who is charged with a specific offense, is guilty of wrongful conduct, and perhaps some offense against the law, and the defendant requested a special charge in regard to the offense for which he is then being tried, presenting affirmatively his defense to that offense, it should be given.

**4.—Same—Charge of Court—Erasures.**

Where, upon trial of aggravated assault, there was evidence that the defendant did nothing more than disarm the alleged female with no intent to injure her, and the court submitted this issue and then struck it out by drawing lines therethrough, but leaving it so that it could be plainly deciphered by the jury, and the court refused a like requested charge, there was reversible error.

Appeal from the County Court of Panola. Tried below before the Hon. W. R. Anderson.

Appeal from a conviction of aggravated assault; penalty, a fine of $350.

The opinion states the case.

*H. N. Nelson,* for appellant.—On question of refusing special instructions: White v. State, 23 Texas Crim. App., 154; Guest v. State, 24 id., 235; Ross v. State, 9 id., 275.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—This is a companion case to that of Ely Yarborough, this day decided, and appellant was found guilty and his punishment assessed at a fine of $350.

Appellant was landlord of J. R. Trash, and after being informed

by the justice of the peace he had no right to take the cotton of his tenant, without process, he took his wagons, and himself, his son and a negro, went to the home of Mr. Thrash, and by force loaded the cotton on his wagons. When he arrived on the premises, Mr. Thrash requested him not to take the cotton, and when Mr. Thrash demanded what right they had to take the cotton, one of them presented a gun and said, "These will take the cotton, old man; and if necessary, take you, too." Mr. Thrash went in the house and got his gun and started back out to where appellant had two wagons, but Mrs. Thrash prevented him from going. Mrs. Thrash and her daughter then went to where appellant was loading the cotton, and she and her daughter say that appellant assaulted the daughter, Miss Ethel, while his son assaulted Mrs. Thrash. The State's evidence amply supports the verdict, and appellant could not claim to have been acting in self-defense, as he was wrongfully on the premises, and was engaged in an illegal act, taking another's property without warrant of law, and if Mrs. Thrash and her daughter had used force to prevent them from taking the property, and used no more force than was necessary, they would have been justifiable in law. Consequently the court, under the evidence, did not err in refusing to submit the issue of self-defense.

However, appellant, in his testimony, says that Miss Ethel Thrash picked up a scale beam and drew it back as if to strike, and he caught it and wrenched it from her hands, and that he did not assault her, and did no other act. As hereinbefore stated, appellant was wrongfully on the premises and engaged in an illegal act, but this would not make him guilty of an aggravated assault on Miss Thrash, if in fact he did not assault her, which issue he presents by his testimony. Generally speaking, a charge on presumption of innocence and reasonable doubt would be all that was necessary to give, especially if no special charge was requested. But where all the evidence shows that one charged with a specific offense, is guilty of wrongful conduct, and perhaps some offense against the law, and the defendant asks a special charge in regard to the offense for which he is then being tried, presenting affirmatively his defense to that offense, it should be given. In this case appellant requested the court to charge the jury that if all appellant did was to take the scale beam from Miss Ethel to prevent her striking his son with it, he would not be guilty of an assault. Appellant reserved an exception to the failure of the court to give this charge, and presents the question in his motion for a new trial. To emphasize this matter, the court had written in his charge which was given to the jury: "If you believe from the evidence that defendant did not assault Ethel Thrash as alleged, and did nothing more than disarm her of a scale beam, with no intent to injure her, you will acquit him," and then struck it out by drawing lines across this part, but leaving it so it could be plainly deciphered by the jury. If the jury read this, as they doubtless would

if they read the charge, and seeing the court had first inserted it and then struck it out, it would and doubtless did create the impression on their mind, that if appellant took the scale beam from her, and did nothing else, this would make him guilty of an assault. In the way this was presented, we think it is error for which this case should be reversed. Consequently it is unnecessary to pass on the action of the court in overruling the application for a continuance in this case.

The other matters present no error.

*Reversed and remanded.*