WALTER STAPP V. THE STATE.

No. 21131. Delivered October 23, 1940.
Rehearing Denied January 22, 1941.

The opinion states the case.

*Hill D. Hudson*, of Pecos, and *B. W. Smith*, of San Angelo, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with murder with malice, and by the jury convicted and sentenced to serve twelve years in the state penitentiary.

The salient facts are these: Appellant was chief of police of Monahans, Texas, and on September 13, 1937, Saturday night between one and two o'clock, was in a drink and dance hall about two and a half miles northeast of San Angelo, Texas,

called the "Windmill." Appellant had evidenced some boisterousness in the dance hall, and, while drinking, had exhibited his pistol, and announced that he was "a tough guy." He had offered also to do some fancy shooting with such pistol, and had announced that he wanted no one to give him "any static."

One Bonnard Cook, and a male companion in company with Sadie McMillan and another woman were in the bar of this establishment, about one or two o'clock on Sunday morning, when appellant also entered the bar. Sadie McMillan, who was unacquainted with appellant, had on a small green hat which appellant removed from her head. She repossessed herself of the hat, and again appellant took the same off her head; her escort Bonnard Cook then took the hat back from appellant and placed same behind him (Cook). Appellant then said to Cook: "You don't like that, do you?" and Cook replied: "No, I don't." Appellant then said. "What in the God damned hell are you going to do about it?" It seems that appellant jerked his coat open at such time, and the man Cook then struck appellant a severe blow with his fist over the eye and knocked him down, and appellant fell about six feet. Immediately Cook followed to where appellant was and grasped appellant's pistol by the barrel and a struggle ensued. During this struggle the pistol was discharged, the bullet striking one Jack Runnels, a bystander, from which wound Runnels soon thereafter died.

Both of these parties were strong active men, appellant being about six feet two inches in height and Cook about six feet and strong and active.

The court gave an exhaustive and comprehensive charge on nearly every conceivable phase of this case, but unfortunately he seems to have omitted a charge on a self-defensive theory that seems to present itself from the witness Cook's testimony.

Appellant did not take the stand, nor did he offer any testimony relative to the facts. He merely offered the testimony of certain physicians relative to the effects of such a blow as he had received from Cook just prior to the firing of the shot, their evidence offering grounds for the conclusion that such a blow would have caused a temporary unconsciousness, during which time no intent nor motive could have been formed by the human mind, and that therefore the firing of the shot that took Runnels' life could not have been motivated by any malice toward Cook. He further only offered many character witnesses.

In appellant's objections and exceptions to the court's charge we find the following paragraph: "The defendant objects

and excepts, in addition to the objections and exceptions heretofore submitted to the court, before any charge is read to the jury, to the court's failure to set forth in his charge to the jury the law of self-defense and wholly fails to advise the jury of the rights of this defendant under the law of self-defense, and defendant herein now requests that the court give the charge on self-defense."

We are convinced that a charge embodying the imperfect right of self-defense was called for by the State's own testimony, and that same should have been given in conjunction with the court's charge on murder without malice, and that such right of imperfect self-defense should only be utilized, if at all, in determining whether these facts evidenced an unlawful killing with malice, or such a one without malice. We do think that the facts as here presented present a proper case for the use of a charge on a provocation of the difficulty, or an imperfect self-defense, and that the trial court was in error when he failed to embody in his charge a paragraph dealing with such a doctrine.

Mr. Branch in his Penal Code, p. 1091, Sec. 1951, under the head of "Imperfect Self-Defense," has the following to say: "If the wrongful act of defendant produced the occasion or condition wherein it became necessary for his own safety that he kill, he is not entitled to the perfect right of self defense, but the grade of homicide is regulated according to the magnitude of the wrong, and if defendant intended an ordinary battery or was a mere trespasser his right of self defense would not be wholly lost, but would be imperfect, and as such, might reduce the homicide to manslaughter. Reed v. State, 11 Texas Crim. App. 509; King v. State, 13 Texas Crim. App. 283; Arto v. State, 19 Texas Crim. App. 136; Peter v. State, 23 Texas Crim. App. 687, 5 S. W. 228; Habel v. State, 28 Texas Crim. Rep. 551, 588, 13 S. W. 1001; Carter v. State, 30 Texas Crim. App. 551, 17 S. W. 1102, Franklin v. State, 30 Texas Crim. App. 628, 18 S. W. 468; Polk v. State, 30 Texas Crim. App. 567, 18 S. W. 466; Franklin v. State, 34 Texas Crim. Rep. 287, 30 S. W. 231; Nicks v. State, 46 Texas Crim. Rep. 241, 79 S. W. 35; Yarborough v. State, 147 S. W. 272; Carver v. State, 148 S. W. 746."

We find in the record many bills of exception relative to certain remarks of the prosecuting attorneys that are attempted to be construed as a reference to the appellant's failure to testify. We do not think such remarks are susceptible to such a construction.

We think the statements and conduct of appellant in the dance hall, occurring some time prior to the shooting of Runnels, were admissible for the purpose of showing motive and malice, and the general and reckless disregard of the rights of others.

The remaining bills that relate to the misconduct of the jury need not be considered as such will doubtless not arise in the event of another trial.

On account of the trial court's failure to charge on the law of self-defense as presented by the evidence, this judgment is reversed and the cause remanded.

ON STATE'S MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

It is the State's contention that the effect of our original opinion is to read into our present murder statutes (Articles 1256, 1257b, 1257c, Vernon's Ann. Texas P. C., Vol. 2,) "adequate cause" as a matter of law. It was not our intention to so do, nor do we think our opinion can reasonably be so construed.

Art. 1257c (Acts 42d Leg., page 94) reads as follows: "In all cases tried under the provisions of this Act it shall be the duty of the Court, where the facts present the issue of murder without malice, to instruct the jury that murder without malice is a voluntary homicide committed without justification or excuse under the immediate influence of a sudden passion arising from an adequate cause, by which it is meant such cause as would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper sufficient to render the mind incapable of cool reflection, and in appropriate terms in the charge to apply the law to the facts as developed from the evidence."

The trial court advised the jury as to the terms of said statute, and made application thereof as follows: "You are further instructed that if you believe from the evidence, or have a reasonable doubt thereof, from all the facts and circumstances in evidence, both those occurring at or about the time of the homicide, or prior thereto, that the mind of the defendant was in such condition of sudden passion arising from an adequate cause as to render it incapable of cool reflection, and that such cause or causes, if any, was such as would have commonly produced a degree of anger, rage, resentment, or terror, in a

person of ordinary temper sufficient to render the mind incapable of cool reflection, and that, while in such condition of mind, the defendant committed the offense charged in the indictment in this cause, then the penalty assessed cannot be more than five years in the penitentiary."

Under ordinary circumstances the application so made by the trial court would be all that is required as has been heretofore held in Youngblood v. State, 121 Texas Cr. R. 465, 50 S. W. (2d) 315; Privett v. State, 123 Texas Cr. R. 86, 57 S. W. (2d) 1102; Smith v. State, 124 Texas Cr. R. 389, 61 S. W. (2d) 835; Butler v. State, 121 Texas Cr. R. 288, 51 S. W. (2d) 384. We are also mindful of the fact that in the Butler and Privett cases (supra) and also in Hettich v. State, 130 Texas Cr. R. 580, 95 S. W. (2d) 113, we said the trial court was not called upon to group or enumerate the various things claimed to have produced in accused's mind a condition which rendered it incapable of cool reflection. We now reaffirm such statement as a sound legal principle in the ordinary case where the issue of a killing without malice arises.

If the facts raise the issue of a killing by one who because of his own conduct is deprived of the perfect right of self defense, yet does still have under certain state of facts, the imperfect or impaired right of self defense which makes applicable Art. 1257c (supra), how is the jury to know it unless the trial court has in appropriate terms in the charge applied the law to the facts as developed from the evidence?

We take the following to be a sound legal proposition supported by the many authorities cited in our original opinion from Branch's Ann. Texas P. C. If appellant's conduct was intended by him to bring on trouble with Cook, and was calculated to and did cause Cook to strike appellant, but appellant had no intention to kill Cook, and the jury should find the facts so to be, and should further find that the result of the blow by Cook caused appellant to have a reasonable apprehension that he might suffer death or serious bodily injury at the hands of Cook, and further find that there was created in appellant's mind a degree of anger, rage, resentment or terror which rendered his mind incapable of cool reflection, and that the facts and circumstances were such as would have produced such state of mind in a person of ordinary temper, and that while in such state of mind appellant had killed Cook, the jury, if they found such to be the facts, would not have been warranted under the provision of Art. 1257b in assessing a greater punishment than

five years in the penitentiary. If appellant killed Runnels while trying to kill Cook under the same circumstances the punishment would be the same. See Solis v. State, 76 Texas Cr. R. 230, 174 S. W. 343.

We are not undertaking to set out a form of charge, but it occurs to us if the evidence raises the issues suggested in the foregoing statement under the facts, a further application of Arts. 1257b and 1257c would be called for in substance, as indicated.

In reply to the State's motion for rehearing appellant calls attention to his bills of exception complaining of the argument of the attorney for the State as referring to the failure of appellant to testify. A further examination of said bills leads the present writer to the conclusion that in some of the arguments counsel came dangerously close to violating the statute (Art. 710, C. C. P.) which forbids a reference to the failure of the defendant to testify as a witness.

Upon another trial, if appellant does not testify, it would be much safer for the representative of the State to discuss the admitted evidence, thereby avoiding the question raised in the bills mentioned.

The State's motion for rehearing is overruled.