WALTER STAPP V. THE STATE.

No. 21881. Delivered February 4, 1942.
Rehearing Denied March 25, 1942.

The opinion states the case.

*Sam McCollum,* of Brady, and *B. W. Smith,* of San Angelo, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

This appellant was convicted of murder without malice, and his punishment fixed at three years confinement in the penitentiary.

This is the second appeal of this case, the former trial being reported in 147 S. W. (2d) 256, 140 Tex. Cr. R., p. 669. The facts are practically the same in each case, and we refer to the former report for such facts.

There are 43 bills of exceptions in the record, the major portion thereof being objections to the argument of the State's attorney, and a request for the trial court to enter a mistrial herein. The careful trial court often instructed the jury to disregard some harmless action or statement of the State's attorney, and often seemed to disregard appellant's request; at least in many of the mistrial requests he refused to see the error therein, and we are of the opinion that he was correct. We are under the impression that all of such bills reflect naught but fancied errors upon the part of zealous counsel.

Bill No. 21 for instance relates to the refusal of the trial court, at appellant's request and over the State's objection, to allow the witness Sadie McMillan to read aloud to the jury the transcript of a portion of her testimony in the former trial of this case. However the trial court did allow the appellant's attorneys to take such transcript and question the witness therefrom. The greater portion of said bills relate to colloquies and verbal exchanges between the attorneys upon both sides, and do not seem to be of serious merit.

Bill No. 28 reflects the following: The Sheriff of Ward County had testified to appellant's good reputation in the neighborhood of his residence, and that he had never heard same questioned when he was away from home. It will be noted that this homicide occurred near San Angelo, and that appellant lived in Monahans, in Ward County. The State's attorney then asked such sheriff: "Have you talked to anybody around San Angelo since this occurred?" Upon appellant's objection before the question was answered, the trial court instructed the jury not to consider the question, nevertheless appellant requested the court to declare a mistrial, which the court refused to do.

We think a statement of the proceedings reflects that no error was shown, at least not one of a serious nature.

Bill No. 30 relates to a request upon appellant's part that the trial court instruct the jury upon the law relative to intoxication, and a mitigation of the penalty provided such be found by the jury. It is true that some of the witnesses did testify that in their opinion appellant was drunk at or just prior to the homicide.

Drunkenness, however, is never a defense to crime; it is only when temporary insanity ensues from the immoderate use of intoxicating liquors that such can be used by the jury in mitigation of the penalty. The testimony herein offers no evidence of a temporary insanity, and such should not have been charged upon. See Art. 36, P. C., and Branch's Code, p. 22, Sec. 42, and cases there cited.

Bill No. 31 relates to a statement made by the district attorney in his argument to the effect that Wayne Green, the peace officer who arrested appellant after the homicide, had testified that he asked appellant "How it came about," and he said "he didn't know; that he had a little squabble, and he got hit." It is shown by the bill that the witness Green did not make this statement relative to what appellant told witness. However we note from the statement of facts that appellant's attorney, in cross-examining the witness, did draw from witness Green the following statement:

"The best I remember, as to what was said by the defendant, on that night is: I said, 'Walter, how come this to happen?' The defendant said, 'I don't know.' I said, 'How come you to shoot him?' He said, 'I didn't shoot him. I ain't got a better friend than Jack Runnels.' The defendant said he didn't know how it happened.

"I could see that the defendant had been hit, and I believe I asked him who hit him, and he told me who hit him. I would not say for sure that he told me the name of the man who hit him."

This witness also testified as to the fact that appellant's face was cut and bleeding and bruised, and he figured somebody had hit appellant. Under the facts shown it was fairly deducible that appellant had had a little squabble and got hit; and we think that such a slip of the word "squabble" should not and

could not have seriously injured the appellant before the jury. Under all the testimony we think anyone could have looked at appellant and told that he had been in some kind of difficulty, and the unguarded statement of the State's attorney could not possibly have had any effect upon the jury.

There is also complaint made in bill No. 26 to the asking of the question to Dr. Sutton as to "how many trials has there been of this case; do you know?" This question was never answered but appellant objected to the asking of the question, and again moved a mistrial. The record is replete with evidence from both sides of the fact that this is not the first trial of this cause. Many of the witnesses had been asked relative to their presence at a former trial and questioned in regard to their testimony there given, and no objection appears thereto by appellant. We see no error in asking this question.

The last twelve bills relate to the trial court's refusal to direct the district attorney to ask each prospective juror on his voir dire the fourteen paragraphs set forth in Art. 616, C. C. P., as reasons for challenging for cause of such jurors. Upon the district attorney having questioned the proffered juror, omitting many of the grounds set forth in Art. 616, supra, appellant requested the court to require the district attorney to ask such juror concerning the provisions set forth in such Art. 616. This the trial court refused to do. However there is nothing shown in the bill wherein he limited appellant's attorney relative to the asking of such questions. We think that the appellant had the privilege, if he so desired, to inquire into any of the grounds of disqualification found in the statute upon his own initative, but surely it was not the State's duty to assume the burden that rested upon appellant. A challenge for cause may be made by either party to the trial, and grounds for this challenge may be developed by either party. Also some challenges for cause may be waived by the party who would be injured by the cause shown by the tentative juror.

It will also be noted that Art. 612, C. C. P. provides for only two questions to be propounded to a juror by the court or under its direction, and upon a favorable answer, he is then passed to the attorneys for challenge, either peremptory or for cause, and then Art. 616, C. C. P. says that such a challenge for cause may be made for the fourteen purposes set forth therein. We do not think it was the State's duty to develop the reasons for challenge for cause of appellant. All these bills are overruled.

In our former opinion in this cause, the same was reversed because of the trial court's failure to give in charge to the jury the law of imperfect self-defense. The facts that called for such a charge again appear in the record, and we note that the trial court gave such a charge herein, and appellant was found guilty of murder without malice, leaving an inference at least that such charge might have been considered by the jury in determining the offense herein.

We think the unwarranted conduct of appellant toward the young lady in company with Cook, his removal of her hat, and his statement to Cook relative thereto, and his asking Cook what he was going to do about it, was sufficient to cause the trial court to charge upon a provocation of the difficulty. We find an exhaustive charge thereon in the trial court's charge, which we think was correctly phrased and correctly given.

All bills not specifically written upon have been carefully examinined and are overruled.

The judgment is affirmed.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing, appellant claims that we committed many egregious errors in disposing of the questions presented by the record in this case.

He first complains because we held that Bill of Exception No. 31, relative to certain argument by the District Attorney, failed to show reversible error. The argument complained of as not being justified by any evidence is fully set out in our original opinion, as well as the testimony elicited by appellant on cross-examination of the witness Green. Hence we see no need for re-stating it here. It is our opinion that the question was properly disposed of and no useful purpose could be served by a further extended discussion thereof.

All of appellant's other principal complaints are based on some remarks by the District Attorney in his argument to the jury. Much of it is based on the evidence; others are reasonable deductions therefrom, and none of them appear to be of such inflammatory and prejudicial nature as to have swept

the jury from the path leading to even-handed justice. Appellant's punishment was assessed at only three years' confinement in the State penitentiary, although the evidence would have sustained a greater and more severe penalty. Under this state of the record, we would not be justified in holding that the jury were improperly influenced by the argument.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.