BUD RUTHERFORD v. THE STATE.

No. 3329.    Decided November 22, 1905.

**1.—Local Option—Indictment—Intoxicating Liquors—Whisky.**

An allegation in an information for a violation of the local option law that defendant sold whisky, is tantamount to alleging that he sold intoxicating liquor, and is sufficient.

**2.—Same—Charge of Court—Time Alleged.**

Where the record shows that the local option law went into effect on July 31. 1903, and the information was filed May 1, 1905, and the time of the alleged sale of liquor occurred about March 1, 1904, and the witness could not fix the time of the transaction, the court erred in charging that if defendant sold whisky any time within two years from the date of the filing of the information to find him guilty.

**3.—Same—Remarks of Judge.**

It is provided by statute that the court shall not express his views about testimony, and the remark of the judge. "We are not trying anyone else for selling him whisky," in ruling on testimony offered by the defendant, was improper.

**4.—Same—Evidence—Other Transactions.**

On a trial for violation of the local option law, it was error to reject testimony for the defense showing that the prosecutor had bought whisky along about the time he should have gotten this whisky from defendant from other parties, for the purpose of showing that witness's memory was so defective that it was totally unreliable.

Appeal from the County Court of Franklin. Tried below before Hon. J. E. Mattison.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*C. W. Stringer,* for appellant.—On question of intoxicating liquors: Stewart v. State, 35 Texas Crim. Rep., 391. On question of time alleged: Arcia v. State, 28 Texas Crim. App., 198.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction is for violating the local option law. The indictment charges that on March 1, 1904, appellant unlawfully sold to Pen Manuel one quart of whisky, in violation of the local option law. This indictment is attacked because it is not alleged that the whisky was intoxicating. The contention is that because the court judicially knows whisky is intoxicating, it does not dispense with the allegation in the indictment that whisky is intoxicating liquor. The rule with reference to allegations in indictment in this character of question is that the allegations must set out the statutory definitions of the offense, and if it does not use the language of the statute such allegations must use words of equal or greater import in charging the offense than those mentioned in the statute. Tested by this rule, we think the indictment is sufficient. Whisky is intoxicating liquor. A charge that appellant bought whisky is tantamount to charging that he bought intoxicating liquors. The word "whisky" is of equal import with the expression "intoxicating liquors." There are some liquors that may or may not be intoxicating, and about which it would be necessary to introduce proof to show they were. We have held that beer is not per se intoxicating, hence such an allegation would not be sufficient. But it is as well understood that whisky is intoxicating without an allegation to that effect, as if the allegation had been included. The defendant could not have possibly been misled by the failure to include the expression, "intoxicating liquor." It sufficiently charges that it was "intoxicating liquor" by using the word "whisky."

The local option law went into effect in Franklin on July 31, 1903. The court charged the jury if appellant sold whisky to Manuel, the alleged purchaser, any time within two years from the date of the filing of the information, which was May 1, 1905, appellant would be guilty. Manuel was unable to fix any time. At first he testified it

was about March 1, 1904, but stated he did not know the time; that the sheriff and judge told him it was about that time, and he said it was all right, that he did not know whether it was then or not. Did not know whether it was hot weather or cold weather, and had no conception of the time whatever. The complaint and information were filed, as before stated, on May 1, 1905, and the sale was sought to be proved as having occurred about March 1, 1904. This witness Manuel stated, that Curt Moore was present at the time of the transaction, and knew he had bought the whisky from appellant. Moore was placed on the witness stand, and denied the whole matter; that he never saw any whisky passed from appellant to Manuel. We do not believe that this charge was correct, because in any event it authorized a conviction for a time preceding the going into effect of the local option law, and the evidence is too indefinite.

The defense undertook to prove that Manuel had bought whisky along about the time he should have gotten this whisky from appellant, from other negroes, and had gone to Davenport's barn, and there drank it. This was the place where Manuel said he drank the whisky with the witness Curt Moore that he got from appellant. On objection of the State, this testimony was ruled out. The object of this testimony was to show that Manuel was buying whisky from other negroes, and that he took the whisky to Davenport's barn, and there drank it on those occasions, as he testified he did in reference to the whisky bought from appellant. And in connection with the other facts he did not and could not remember the names of the other parties from whom he purchased the whisky. This was offered further in connection with what the witnesses said in reference to the time he bought the whisky from appellant, and to show that his memory was so defective that it was totally unreliable, and that he had gotten the circumstances about which he was testifying on this trial, mixed with the other transactions with the other parties. We believe, under the facts of this case, that this testimony should have been admitted. The court excluded this testimony, and remarked, "we are not trying any one else for selling him (Manuel) whisky." Exception was reserved to this remark. The statute provides, the court shall not express his views about testimony. When it is offered it is his duty to admit or exclude it without comment. The testimony was not offered along the line the judge suggested in his criticism. Such extraneous matters become at time more or less important to illustrate the questions arising on the trial. We think this testimony should have gone to the jury. This becomes more important in view of another fact in the case, which was, that witness Manuel had had a difference with appellant in reference to some theological discussion, which rendered the feelings between them somewhat strained, and they were not friendly. These unfriendly feelings may have extended back of the transaction about which Manuel was testifying in regard to the purchase of whisky from appellant. We

think, under all the circumstances, this testimony should have been admitted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.