ROLLAND SMITH V. THE STATE.

No. 4229.    Decided June 19, 1909.

**Local Option—Non-Intoxicant—Whisky—Charge of Court.**

In some cases it is necessary to instruct the jury as to what is an intoxicant, but this is not necessary where the article sold is whisky. Whisky is an intoxicant.

Appeal from the County Court of Trinity. Tried below before the Hon. C. J. Hinson.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and fifty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law. The State's case is that appellant, on a certain night mentioned by the State's witness, sold the witness some whisky. His testimony is positive and unequivocal that it was whisky; that he took it home with him and drank it. Appellant's testimony, which is corroborated by another witness, is, in substance, that the liquid sold the witness was not whisky, but was cider, which he had drawn from a keg in a restaurant owned by a Mexican; that he drew and took it to a certain point, intending to play a practical joke on George Washburn, and while waiting for Washburn the purchasing witness, whose name was King, came along and bought it. These two witnesses, appellant and his corroborating witness, did not fully agree

in detailing their testimony. The court, after instructing the jury that, if they found appellant sold whisky, etc., further charged: "If you do not so believe, or if you have a reasonable doubt as to whether the bottle in question contained whisky, or some other liquor other than whisky, you will acquit the defendant, and say by your verdict not guilty." He also gave presumption of innocence, reasonable doubt, etc. Several requested instructions were refused. In substance, these charges were to the effect that, if the jury should believe from the evidence that the article or liquid sold by defendant to King was cider, or any kind of liquid other than whisky, or if they had a reasonable doubt thereof, they should acquit. We are of opinion the court had sufficiently given this phase of the law, and it was not necessary to repeat it. A charge was also asked to the effect that any liquor intended for use as a beverage, or capable of being so used, which contains alcohol either obtained by fermentation or by the additional process of distillation, in such proportions that it will produce intoxication when taken in such quantities as may practically be drunk, is an intoxicant. Then, bearing in mind this instruction, the jury were instructed that, if they should believe from the evidence that the appellant did, as alleged in the information in this case, etc., but further believed that said whisky was not an intoxicant, as above defined, or if they had a reasonable doubt thereof, they should find him not guilty. Under the facts of this case, viewed in the light of the charge given, we do not believe it was error on the part of the court in refusing this charge. The jury were instructed that, if appellant sold to John King a bottle of whisky, that they would convict him. Under the facts of this case we believe this was sufficient. Especially when taken in the light of the remaining portion of the charge, that, if it was not whisky, and was some other substance, they should acquit. The court judicially knows, as the jury knew, whisky is an intoxicant. In some cases it is necessary to instruct the jury as to what is an intoxicant, but this is not so where the article sold is whisky. It is only when it is a question as to whether or not the liquid sold is an intoxicant. Where whisky is sold it is not necessary to give a definition of an intoxicant.

Finding no reversible error in this record, the judgment is affirmed.

*Affirmed.*