M. R. JOHNSON v. THE STATE.

No. 4400.   Decided March 21, 1917.

**1.—Local Option—Sufficiency of the Evidence—Charge of Court.**

Where, upon trial of a violation of the local option law, the evidence sustained the conviction under a proper charge of the court, there was no reversible error.

**2.—Same—Charge of Court—Whisky—Intoxicating Liquor.**

Upon trial of a violation of the local option law, the court correctly instructed the jury that whisky is an intoxicating liquor. Following Hambright v. State, 60 Texas Crim. Rep., 253, and other cases.

**3.—Same—Recent Use of Intoxicating Liquor—Requested Charge.**

Where, upon trial of a violation of the local option law, defendant only claimed that he was drunk, and did not contend that he was insane from the recent use of intoxicating liquor, and made no objection to the court's failure to charge thereon, and it did not appear from the record that the court refused to submit a special charge thereon, or when the same was presented to the trial judge, the same could not be considered on appeal. Following Ross v. State, 75 Texas Crim. Rep., 59; besides, the requested charge should not have been given. Following Lucas v. State, 69 Texas Crim. Rep., 269. And the fact that he pleaded suspended sentence would not affect the question.

**4.—Same—Charge of Court—Intoxicating Liquor.**

Where defendant was charged with selling whisky in local option territory and the court submitted a proper charge thereon, it was unnecessary to define what constituted intoxicating liquor.

Appeal from the District Court of Titus. Tried below before the Hon. J. A. Ward.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*I. N. Williams,* for appellant.—On question of insufficiency of the evidence and burden of proof: McDonald v. State, 49 S. W. Rep., 589; Decker v. State, 66 Texas Crim. Rep., 425, 147 S. W. Rep., 259; Schwulst v. State, 52 Texas Crim. Rep., 426; Beaty v. State, 53 id., 432.

On question of recent use of intoxicating liquor: Edwards v. State, 54 S. W. Rep., 589; Hierhalzer v. State, 47 Texas Crim. Rep., 199, 83 id., 837; Lawrence v. State, 70 Texas Crim. Rep., 506, 157 S. W. Rep., 480; Burkhard v. State, 18 Texas Crim. App., 599; Bonner v. State, 29 id., 223; Miller v. State, 52 Texas Crim. Rep., 72.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question that whisky is intoxicating: Rucker v. State, 24 S. W. Rep., 902; Aston v. State, 49 id., 385; Sebastian v. State, 44 Texas Crim. Rep., 508; Parker v. State. 39 Texas Crim. Rep., 262.

PRENDERGAST, Judge.—Appellant was convicted for illegally selling intoxicating liquors in said county while the law in force made it a felony to do so, and his punishment assessed at the lowest prescribed by law.

The uncontradicted testimony shows that at the time alleged in the indictment appellant sold whisky to the party to whom the sale was alleged to have been made. The testimony of two State's witnesses was positive that appellant sold whisky to said purchaser; that the purchaser called for whisky; appellant told him it was whisky; delivered it to him as such; that it was so labeled. There is no testimony to the contrary, and no intimation therefrom that it was other than whisky. The court in submitting the case for a finding properly required the jury to believe from the evidence beyond a reasonable doubt every essential necessary under the law before they could convict. He further told them that if they had a reasonable doubt of whether the liquor claimed to have been sold was intoxicating, to find him not guilty. In addition he charged the reasonable doubt, the presumption of innocence, etc.

The court correctly told the jury that whisky is an intoxicating liquor. Rucker v. State, 24 S. W. Rep., 902; Parker v. State, 39 Texas Crim. Rep., 262; Aston v. State, 49 S. W. Rep., 385; Douthitt v. State, 61 S. W. Rep., 404; Sebastian v. State, 44 Texas Crim. Rep., 508; Rutherford v. State, 49 Texas Crim. Rep., 21; Wilcoxson v. State, 91 S. W. Rep., 581; Smith v. State, 56 Texas Crim. Rep., 501; Hambright v. State, 60 Texas Crim. Rep., 253.

Appellant testified and claimed he was drunk and did not know that he made the alleged sale of whisky, if he did. The other State's witnesses who testified stated, in effect, that he was not so drunk, but that

he was drinking. Appellant by his testimony did not claim that he was insane from the recent use of intoxicating liquors nor from any other cause; just drunk. He made no objection whatever to the court's charge in failing to submit a charge on insanity from the recent use of intoxicating liquor. He has a bill which was filed two or three days after the trial complaining that the court refused to give a special charge on the subject copied in the bill, but it nowhere shows, nor does the record, when that charge was presented to the judge; at least there is nothing to show that it was presented to the judge and asked at any time before the judge charged the jury. Under such circumstances it can not be considered. Arts. 735, 737, 737a and 743 as amended by the Act of April 5, 1913, p. 278; Galan v. State, 76 Texas Crim. Rep., 619; Ross v. State, 75 Texas Crim. Rep., 60, and cases cited therein, and many other cases decided by this court since then exactly to the same effect. However, if the question was presented so that it could be considered, the court should not have given it. The evidence did not raise the issue. (Lucas v. State, 69 Texas Crim. Rep., 269.) Besides, as he was assessed the lowest penalty, the refusal to give such charge would in no way injure him. The fact that he had plead for a suspended sentence could not and would not affect the question.

It is unnecessary for the court to define what constituted intoxicating liquor other than what he did charge.

No error is shown in the trial of the case, and the judgment is affirmed.

*Affirmed.*