GIRTON BEAMON V. THE STATE.

No. 19054.   Delivered June 2, 1937.
Rehearing Denied November 24, 1937.

The opinion states the case.

*B. Wilson* and *Baskett & Parks*, all of Dallas, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of murder with malice, and his punishment was assessed at confinement in the state penitentiary for a term of eight years.

His first contention is that the evidence does not justify and sustain his conviction of murder with malice aforethought.

The State's testimony briefly stated shows that on the morning of April 15, 1936, appellant shot his wife four times with an automatic pistol, killing her almost instantly.   The officers were immediately notified of the occurrence and when they arrived appellant was standing on the front porch.   Upon inquiry from them as to what had happened, he told them that he had killed his wife because he loved her.   He told them where she was lying and where he had placed the pistol.

Appellant testified in his own behalf that he and his wife had been divorced, re-married, and again estranged.   That on the night preceding the morning on which the homicide occurred he and deceased met on the streets in the City of Dallas and she accompanied him to his room and spent the night with him.   The next morning she arose and after having partly

dressed herself she started to kiss him good-bye as he lay on the bed, at the same time reached under his pillow with one hand and took from under it a pistol, making a statement which he understood as a threat to kill him and then kill herself. Appellant grabbed her hand and took the pistol away from her and placed it under his pillow on the opposite side from her. After they talked a while she again offered to kiss him good-bye, and in her pretended attempt again ran her hand under the pillow and got possession of the pistol. He grabbed it and in the scuffle over the pistol it was discharged. After he had disarmed her and knew that she had no other weapon, he shot her four times killing her almost instantly. Appellant was a negro about twenty-five years of age, six feet tall and weighed about one hundred and sixty pounds, while the deceased weighed about one hundred and ten pounds. Appellant testified to her infidelity which precipitated many quarrels between them and also to some threats which she had theretofore made against his life in which he was corroborated by other witnesses. He further testified that he shot her because he was afraid that she would kill him or inflict serious bodily injury upon him. We think that the testimony sustains the finding of the jury.

Appellant urged two objections to the court's charge. His first objection was that the court erred in submitting to the jury the issue of murder with malice; his contention being that such issue was not raised by the evidence. We find ourselves unable to agree with him. His second objection relates to murder without malice. The ground of objection being that the court's charge was vague and indefinite and nowhere applied the law to the facts by an appropriate instruction. Looking to the charge we find that the court defined malice, murder with malice, murder without malice, and adequate cause, and after having instructed the jury on murder with malice instructed them on murder without malice as follows:

"You are further charged that even though you should find the defendant guilty of murder, beyond a reasonable doubt, unless you find from all the facts and circumstances in evidence in this case, beyond a reasonable doubt, that the defendant, in killing the deceased, if he did, was prompted and acted with his malice aforethought, as the same is hereinbefore defined, then you cannot assess any punishment for any term of years longer than five.

"You are further instructed that if you find and believe from the evidence, beyond a reasonable doubt, that the defend-

ant, Girton Beamon, in Dallas County, Texas, on or about the 15th day of April, 1936, with a pistol, the same being a deadly weapon, did unlawfully and voluntarily shoot and thereby kill Lola Mae Beamon, as alleged in the indictment, but you further find and believe, or have reasonable doubt thereof that from all the facts and circumstances in evidence in this case the defendant, in killing the deceased, if he did, was not prompted and did not act with his malice aforethought, as the same is defined to you in this charge, then you will find the defendant guilty of murder without malice, and assess his punishment at confinement in the penitentiary for any term of years not less than two nor more than five."

The charge in this case is, in substance, similar to the charge in the cases of Smith v. State, 61 S. W. (2d) 835, and Butler v. State, 51 S. W. (2d) 384.

In this case the court specifically told the jury that unless they found beyond a reasonable doubt that the defendant in killing the deceased, if he did, was prompted and acted with his malice aforethought, as the same was therein defined, then they could not assess his punishment for any term of years longer than five. In paragraph ten he instructed the jury that if they believed from all the facts and circumstances or had a reasonable doubt that defendant in killing the deceased, if he did, was not prompted and did not act with his malice aforethought, as the same was defined in the charge, then to find him guilty of murder without malice. It appears to us that the court undertook to make an application of the law of murder without malice. If said instruction was deemed inadequate, appellant should have specifically pointed out by written objection in what respect it was deficient. Not having done so he failed to comply with the requirements of art. 658, C. C. P.

Appellant contends, however, that the court should have grouped the facts and instructed the jury that such facts constituted adequate cause and if they found the existence of said facts at the time of the homicide, they should find him guilty of murder without malice. Under the old manslaughter law the legislature by art. 1248, P. C., 1925, enumerated certain acts as constituting adequate cause, but said article was repealed and there is not now any law which specifies any act or acts which in law constitute adequate cause. Therefore the question of whether or not adequate cause existed is a question of fact to be determined by the jury from all the facts and circumstances proven at the trial. The trial court would not be authorized to instruct the

jury that certain acts constituted adequate cause as such would be an invasion of the province of the jury.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—After re-examining the record we express our views in the language of Judge O. S. Lattimore as embraced in the opinion he prepared herein shortly prior to his death, but which was not taken into consultation. We quote his language as follows:

"Appellant moves for rehearing, urging that the trial court did not apply the law of murder without malice to the facts, to which exception was taken in writing, and that we erred in not upholding this contention.

"Two exceptions were taken to the court's charge, one of which complained of the submission of murder with malice; and the other stated, in substance, 'He further objects and excepts to said charge on murder without malice because same is vague, indefinite and nowhere applies the law to the facts by appropriate instructions.' To say that a charge is vague and indefinite,—is manifestly insufficient under Art. 658, C. C. P. We are also inclined to the view that the remainder of said exception is open to the same objection. In Stroud v. State, 124 Texas Crim. Rep., 56, we held an exception too general,—upon citation of authorities supporting it,—which was as follows: 'Because the charge on entry is prejudicial and does not properly define the same as applicable to the facts in this case.' In Criddington v. State, 127 Texas Crim. Rep., 613, a somewhat similar exception was held too general, and not to meet the requirements of Art. 658, C. C. P. Gill v. State, 84 Texas Crim. Rep., 531, and Magana v. State, 115 Texas Crim. Rep., 7, are cited. In such condition of the record we see no reason for discussing the decisions in Smith v. State, 61 S. W. (2d) 835, and Butler v. State, 51 S. W. (2d) 384, which to appellant appear in conflict; nor do we see necessity for discussing those cases cited by appellant under the old manslaughter law, which held that the testimony suggesting the existence of a cause or causes then made by statute adequate for the production of sudden passion,

demanded of trial courts an instruction to such effect.   We have no such law now."

The motion for rehearing is overruled.

*Overruled.*