## HERBERT WHITLOCK V. THE STATE.

No. 22641. Delivered December 8, 1943.
Rehearing Denied January 26, 1944.

The opinion states the case.

*Oscar Calloway,* of Comanche, and *W. H. Penix,* of Mineral Wells, for appellant.

*Sam Cleveland,* District Attorney, of Stephenville, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the State penitentiary for a period of forty years.

Appellant challenges the sufficiency of the evidence to sustain his conviction. This is a companion case to that of Brown v. State, No. 22,640, recently decided by this court. (Page 602 of this volume). The evidence adduced upon the trial of this case does not differ materially from that in the Brown case except that in the present case appellant testified that Ed Brown made the remark, "Let's get out and whip the s---s of b---s" as they passed the two soldiers, while Brown, who testified on his trial, stated that appellant made the remark. Appellant testified that he was driving the car and that after the remark was made, he hollered at the soldiers, who hollered back, and about the same time, they turned and started back towards where he had stopped the automobile; that when they saw the soldiers coming back they both got out of their car and went towards the soldiers; that when they got to within striking distance, he struck the smaller of the two soldiers and knocked him down; that he hit him as hard as he could and he, too, slid and fell down; that they both arose about the same time and the little soldier started to walk away; that he pursued him and went to hitting him but the soldier dodged and he could not make contact with him. While this was transpiring he looked around and saw his companion, Ed Brown, lying on the ground and the large soldier coming towards him; that he thought perhaps both of the soldiers would jump on him; that he went immediately to where Brown was, raised him up

and assisted him into the car; that they then left the scene of the difficulty; that although he had a knife he did not cut John Boland, the large soldier; that he did not know them, had no ill feeling towards them or either of them; that so far as he knew, he had never seen them before.

There is testimony from other sources that appellant ran into John Boland, the large soldier, and struck at him, then backed out and then ran into him again. Moreover, the record reflects that only the four parties involved were on the scene of the difficulty. No other person took part in the combat. These facts irresistibly lead to the conclusion that appellant and Brown inflicted the wounds upon Boland which resulted in his death. The wounds upon the deceased, in the opinion of the attending physician, were made with different instruments; that one appeared to have been made with a double-edged instrument and the other with a single-edged instrument in a vital part of the body. Therefore, under the facts of this case, the court did not err in declining to grant appellant's request for a peremptory instruction to the jury to acquit him.

Bills of Exception Nos. 1 and 2 reflect the following occurrence: In the development of its case, the State called one, O. H. Howard, who was a member of the grand jury which returned the indictment against the appellant and the State proved by him that he was the secretary of the grand jury which investigated the murder of John Boland; that the grand jury returned an indictment against the appellant, Herbert Whitlock, and Ed Brown; that the grand jurors had every witness before them they could find who could tell them anything but the grand jury was unable to determine the kind and character of the instrument with which the wounds were inflicted upon the deceased. Appellant contends that he objected to the testimony on the ground that the same was irrelevant, immaterial, hearsay and highly prejudicial in that it was the judgment of the grand jurors that appellant cut and stabbed John Boland and murdered him with some instrument the character of which was unknown to them, etc. It was charged in the indictment that Herbert Whitlock, "on or about the 19th day of January, A. D., 1943, and before the presentment of this indictment, in the County of Palo Pinto and the State of Texas, did then and there unlawfully and voluntarily and with malice aforethought kill John Boland by stabbing and cutting him with some instrument, the exact nature and description of the same being to the jurors unknown." Under the foregoing allegations, it was incumbent upon the State to prove that the grand jurors had diligently inquired into and made every effort to ascertain the

kind and character of the instrument employed by the person or persons who inflicted the wounds upon the deceased which resulted in his death; because if the grand jury knew, or by the exercise of reasonable diligence could have ascertained, the kind and character of the instrument used in the commission of the offense; it was its duty to give a description of the same so that the accused might be informed as to what he would be required to meet upon the trial. This question has been before this court many times and decided adversely to the appellant's contention. See Mason v. State, 168 S. W. 115, 74 Tex. Cr. R. 256, and cases cited.

Bill of Exception No. 3 complains of the testimony given by Gene Hall, Clerk of the District Court of Palo Pinto County, to the effect that about ten minutes before the witness was called to testify the appellant had filed an application for a suspension of sentence in the event of his conviction; that said application was not filed at the beginning of the trial but after Mr. Williams, a constable, had testified in the case. Appellant claims that he objected to this testimony on the ground that it was immaterial, irrelevant and prejudicial and did not tend to elucidate any issue; that it tended to cause the jury to believe that he was guilty and sought to escape punishment by a last-minute effort to obtain a suspension of sentence. This bill is qualified by the court who states in his qualification that no objection was made to the testimony, and the bill, as thus qualified, was accepted by the appellant and he is bound thereby. In the absence of an objection to the evidence, we would not be authorized to consider the bill.

Appellant, in due time, addressed nine objections to the court's main charge. The first relates to the court's failure to instruct the jury to return a verdict of not guilty. The second relates to the court's failure to instruct the jury that they could not assess the punishment in excess of five years on the ground that there was not any evidence of malice aforethought. The third relates to the court's action in failing to instruct the jury that Lurline Nelson was an accomplice and that they could not convict him on her testimony alone. The fourth relates to the court's failure to instruct the jury that they may consider the defendant's intoxication in mitigation of the punishment, if any should be assessed. The fifth relates to the court's action in failing to charge the jury upon the law of self-defense. The sixth relates to the court's failure to charge the jury relative to the law of self-defense and the defense of others. The seventh relates to the court's failure to instruct the jury that they

must find from the evidence, beyond a reasonable doubt, that at the time of the homicide there existed in the mind of the accused a specific intent to kill the deceased. The eighth relates to the court's action in instructing the jury relative to the law of murder with malice aforethought, the appellant's contention being that the evidence fails to show malice. His ninth objection is embraced in the second and eighth objections and we see no need of reiterating the same here. See Allen v. State, 24 Tex. Cr. App. 216. There is no merit in any of the objections because, under the evidence, he was not entitled to a peremptory instruction. Secondly, he was not entitled to an instruction to the jury that they could not assess his punishment in excess of five years because there was ample evidence before the jury from which they could reasonably arrive at the conclusion that he stabbed John Boland with malice aforethought. Neither was he entitled to an instruction from the court that Mrs. Lurline Nelson was an accomplice because there was not any evidence which brought her within the category of an accomplice. Nor was he entitled to an instruction from the court that the jury may take into consideration the appellant's intoxicated condition in mitigation of the punishment because there is not any evidence which showed that he was intoxicated to the extent that he was temporarily insane, as provided by Article 36 of the Penal Code. See Vallereal v. State, 20 S. W. 557; Kelly v. State, 149 S. W. 110; 67 Tex. Cr. R. 72; Johnson v. State, 193 S. W. 674, 81 Tex. Cr. R. 71, and authorities cited. He was not entitled to an instruction on the law of self-defense because he and Ed Brown undertook to whip the soldiers and provoked the difficulty. Hence his right of self-defense was forfeited. See Nairn v. State, 45 S. W. 703. Appellant's sixth objection is without merit because the court instructed the jury on the subject.

One of his objections to the court's main charge was that the court failed to instruct the jury that unless they believed from the evidence, beyond a reasonable doubt, that the defendant cut and stabbed the deceased and that at the time he did so (if he did do so) he entertained a specific intent to kill, they could not find him guilty of murder inasmuch as the evidence fails to show the use of a deadly weapon. This presents a rather difficult question and has given us no little trouble in our effort to solve the same. It seems to be fairly well setttled in this State that where the accused commits murder by the use of a weapon which is deadly per se, the failure to give such an instruction is not reversible error. In this case, it was charged in the indictment that the nature and description of the instru-

ment used in the commission of the offense was unknown to the grand jurors. Appellant denied that he cut or stabbed the deceased. The attending physician testified that he found several wounds on the body of the deceased, one of which was made with a double-edged instrument, which would indicate that it was made with a dirk, and that each wound was fatal. In the absence of proof as to the kind and character of the instrument that was used in the commission of the offense and the wounds inflicted being such that death would naturally result from the same, the presumption would obtain that the offense was committed with a weapon which was deadly per se, or one which, from the manner in which it was used, was calculated to produce such result. Therefore, in the absence of any proof on the part of the appellant of the want of intent to kill, the legal presumption would obtain that he intended that which was the natural and probable consequences of his act just as much as if he had used a weapon that was shown to be deadly per se. Under the peculiar facts of this case, we do not believe that the failure to give the instruction suggested by appellant was such an omission as calls for a reversal. See Crutchfield v. State, 152 S. W. 1053, 68 Tex. Cr. R. 468.

Bills of Exception Nos. 5, 6, 7, 8 and 9 complain of certain arguments on the part of the District Attorney, but each of the bills is qualified by the trial court who states in his qualification thereof that no objection was made to any of the arguments; that appellant, for the first time, complained of the arguments in his motion for new trial and later presented bills of exception complaining thereof. Appellant having accepted the bills with the qualification of the court, he is bound thereby. Appellant will not be permitted to sit quietly in the courtroom during the argument of the prosecuting attorney, make no objection and then, for the first time, complain thereof after the rendition of the verdict.

In his motion for new trial appellant alleges that since the trial he has discovered new witnesses in the person of Dr. D. V. Rodgers, Mrs. Buryl Rodgers, Nadine Westmoreland and Fay McCulley, who would give testimony material to his defense and sets out the testimony that each of said witnesses would give. We have carefully read the same and find that the claimed newly discovered evidence is of an impeaching nature, which would have a tendency to impeach Mrs. Lurline Nelson. Moreover, Nadine Westmoreland, Fay McCulley and Mrs. Rodgers were in attendance at court during the trial, and one of appellant's attorneys talked to Miss Westmoreland relative to what she knew concerning the case, but neither the appellant nor

his attorneys so far ts this record discloses, inquired of any of the other witnesses what they were summoned for or what they knew about the facts of the case, if any. We see no error in the court's ruling for the reason that a new trial will not be granted for newly discovered evidence which is merely of an impeaching nature. See Mims v. State, 146 S. W. (2d) 754; Tyson v. State, 151 S. W. (2d) 841, and cases there cited. Moreover, there is an absence of a showing that the appellant, by the exercise of reasonable diligence, could not have discovered the evidence prior to or during the trial, and for that reason, no error is shown.

All other matters complained of have been examined by us and are deemed to be without merit.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The burden of the very lengthy motion for rehearing revolves around the contention that this was a circumstantial evidence case and that the evidence failed to show that death resulted from a wound inflicted with a knife in the hands of appellant. It is also contended that there is no evidence of intention to kill.

The writer doubts his ability to aid the original opinion on these questions by extended discussion. All the facts and circumstances, considered together, amply justify the State's position that appellant and Brown were acting together and they were properly charged as principals. It is, therefore, immaterial in this case as to which one inflicted the fatal wound. For this reason we forego additional discussion on that question further than to say the conclusions in the original opinion follow the facts.

It is quite evident, from all the facts and circumstances, that appellant and his partner-in-crime voluntarily engaged the two soldiers in combat which could not have been reasonably ex-

pected to result in less than a serious difficulty either for themselves or for the soldiers. The wounds inflicted speak for themselves and inevitably indicate an intention on the part of appellant and his associate to inflict such wounds. There is no reasonable contention that they were accidental or that they intended to inflict other and different wounds to those which were found on the body of the deceased. We are at a great loss for any basis for argument to the contrary.

Complaint is again made of the testimony of O. H. Howard, secretary of the grand jury. The original opinion logically and specifically discusses this question. It was necessary that the State produce evidence to support the allegation in the indictment, and such was the purpose of this testimony.

Having the view that it was immaterial as to whether appellant or his companion inflicted the fatal wound, we find it unnecessary to give further consideration to the major part of appellant's very able motion for rehearing. It is our conclusion that the original opinion properly disposes of the cause.

Appellant's motion for rehearing is overruled.