DOCK BEASLEY, *alias* JIMMY BEASLEY V. STATE

No. 33,378. May 3, 1961

*Richard Spinn,* Brenham, for appellant.

*James D. Kershaw,* District Attorney, Bastrop, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The offense is murder; the punishment, fifty years.

The evidence was undisputed that appellant killed the deceased, who was his father-in-law, by shooting him with a gun. The homicide occurred on a Saturday afternoon at the home of the deceased at Old Washington in Washington County. The proof shows that, on the afternoon prior to the day of the killing, appellant and his wife came to the deceased's home to visit their four-year old daughter, who was living with her grandparents. That night, appellant, his wife, and the deceased left and went to several beer taverns where appellant and the deceased drank beer and whiskey and played pool. Around midnight, they returned to the home where appellant and the deceased, together with three others, participated in a dice game until early morning. After breakfast, appellant and the deceased again left the house in company with appellant's wife and went to several beer taverns where appellant and the deceased again drank some beer and whiskey. Shortly after noon, the three returned to the home. Appellant and his wife came into the house and the deceased remained in the car. When appellant came inside he asked his mother-in-law if she hated him with a "purple passion," to which she replied that she did but not that much. Appellant then took his daughter out to the car and, while he was outside, two shots were heard. Appellant then returned to the house with the deceased and, at such time, appellant had a .22 calibre automatic

rifle. After the two entered the house, they engaged in a fight and, thereupon, appellant's mother-in-law went to a neighbor's home and called her son. When the son arrived with a couple, appellant met them on the front porch, laid the rifle down, pulled off his shirt, and asked if they wanted to fight. In the events which then ensued, appellant fired two shots with the .22 rifle in the direction of his mother-in-law who at the time was holding the four-year-old daughter, one shot at a dog, and then two shots at his brother-in-law who was holding appellant's child. After the last two shots were fired, the deceased walked up on the porch and, thereupon, appellant fired another shot with the rifle and the deceased fell. It was shown that the bullet struck the deceased in the chin, entered the mouth, and proceeded into the skull, causing his death. Witnesses called by the state, who observed appellant shortly after the killing, testified that, while he appeared to have been drinking, he was not drunk.

As a witness in his own behalf, appellant related how he and the deceased had been drinking beer and whisky during the night and on the morning before the fatal shot was fired. Appellant testified that, at the time of the shooting, he was drunk and did not remember many of the events leading up to the shooting and that he did not remember anything after the shooting until he awoke in jail. Appellant testified that he did remember firing the shot at the dog, remembered the deceased coming toward him and grabbing the gun, and that he jerked backwards but did not remember hearing the shot. He further testified that he had no intention to kill the deceased and explained the firing of the rifle by stating he jerked back from the deceased and his hand slipped on the trigger.

The court submitted the issue of appellant's guilt to the jury upon a charge on the law of murder with and without malice, instructed the jury with reference to its consideration of evidence of temporary insanity produced by the recent use of ardent spirits in mitigation of the penalty to be assessed, and submitted to the jury the appellant's defense of accident.

Appellant insist that the evidence is insufficient to sustain his conviction for murder with malice and that the court erred in submitting such issue to the jury. Appellant insists that, under the facts, only the issue of his guilt of murder without malice should have been submitted to the jury.

With such contention we do not agree.

Malice is a question of fact, inferable from the circumstances, and is generally supported by proof that the killing took place by means of the use of a weapon that is deadly per se, and is usually one for the jury. Harvey v. State, 150 Tex. Cr. R. 332, 201 S.W. 2d 42. The intended shooting of one with a .22 calibre rifle is sufficient to authorize the jury to find that the shooting was actuated by malice. Lovelady v. State, 150 Tex. Cr. R. 50, 198 S.W. 2d 570; Brown v. State, 153 Tex. Cr. R. 1, 216 S.W. 2d 226; Walker v. State, 160 Tex. Cr. R. 301, 268 S.W. 2d 464; and Muckleroy v. State, 165 Tex. Cr. R. 629, 310 S.W. 2d 315.

Appellant further complains of the court's charge because it did not require the jury to find that he had the specific intent to kill. Under the evidence showing that appellant killed the deceased with a deadly weapon, a charge on specific intent to kill was not required. Whitlock v. State, 146 Tex. Cr. R. 594, 177 S.W. 2d 205. Nor did the court, under such facts, err in refusing to charge on aggravated assault. Barr v. State, 146 Tex. Cr. R. 178, 172 S.W. 2d 322. Appellant, having interposed the defense of accident which was properly submitted to the jury, was not entitled to a charge on negligent homicide. Simmons v. State, 145 Tex. Cr. R. 619, 170 S.W. 2d 742.

Complaint is made to the charge on the ground that it did not apply the law of murder without malice to the facts. The court, in paragraph 4 of the charge, properly defined murder without malice, and in paragraph 7 instructed the jury that if it found and believed from the evidence that appellant killed the deceased without malice they would so find in their verdict. In paragraph 8, the court instructed the jury as follows:

"You are further instructed that if you find and believe under the instructions given you in this charge, and under the evidence in this case, that the defendant is guilty of murder, but have a reasonable doubt as to whether or not the defendant in committing the offense, if he did, was prompted by and acted with his malice aforethought, then you must resolve this doubt in favor of the defendant, and in such case, if you find him guilty, you cannot assess his punishment at a longer term than five years in the penitentiary."

While there might have been some merit in appellant's contention prior to the holding of this Court in Beamon v. State, 133 Tex. Cr. R. 283, 109 S.W. 2d 1069, we have concluded that, since substantially the same charge was approved in the Beamon case,

the question has now been put to rest.    See also: Allen v. State, 169 Tex. Cr. R. 318, 333 S.W. 2d 855.

Appellant insists that the court erred in overruling his objection to a certain statement made by State's counsel in his closing argument to the jury, when, in referring to appellant, he stated: "He is guilty beyond any reasonable doubt."    Under the record, we find no reversible error in the argument.    State's counsel, upon objection being made, made it clear that such statement was his inference from the evidence.    Furthermore, the statement was clearly invited and in reply to a statement made by appellant's counsel, when he stated to the jury: "* * * I know this man's not guilty."    Zimmerman v. State, 85 Tex. Cr. R. 630, 215 S.W. 101 and Owens v. State, 164 Tex. Cr. 613, 301 S.W. 2d 653. We find no reversible error in the court's action in overruling appellant's objection to that portion of the argument of state's counsel wherein he referred to appellant as "the big 'I' ".    The statement was made by counsel in connection with his discussion of the evidence and facts in the case and does not call for a reversal of the conviction.

Other contentions urged by appellant have been considered and are overruled.

Finding the evidence sufficient to support the conviction, and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.