**Eddie RATCLIFFE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43518.

Court of Criminal Appeals of Texas.

March 17, 1971.

------◆------

Dickson and Associates by DeEdward Greer, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough and Erwin G. Ernst, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction by the trial court for murder with malice, the state having waived the death penalty; the punishment was assessed at 20 years.

Appellant claims two grounds of error. He first contends that "the judgment and sentence of twenty years is contrary to the law and evidence" in that the evidence and findings fail to reflect malice.

The evidence reflects that on December 21, 1968, at approximately 10:00 P. M., the deceased, Hattie Ratcliffe, also known as Hattie Codaree, was drinking beer with Eva Beatrice Willis at the Cozy Nook, in Houston, when the appellant came in. The appellant and deceased had a conversation, after which deceased stated that she was going outside to move her car; she departed and appellant followed her; she returned and shortly thereafter appellant re-entered with a rifle; he commanded deceased to go with him and said if she did not he would "blow her brains out." The deceased went outside with appellant and Eva Beatrice Willis followed them out; witness Willis testified that the deceased " * * * said to Eddie I don't have no money, I left my money at home, and I said Eddie, she didn't bring no money. She asked me did I have $20 when I walked out,

and after she told Eddie that and I told him that, she said no, I don't have any money."

Witness Willis said she turned to go back inside to get $20 to give appellant for deceased when she heard a shot; she looked back and saw deceased had fallen on the ground; she then went inside and watched through a window fifteen or twenty minutes when she saw appellant fire a second shot into her head. She further testified that the end of the rifle barrel was about a foot from deceased's head when the second shot was fired.

On cross-examination witness Willis testified:

"Q. Then you did not go back outside?

"A. Not until I heard the second shot. I was looking out the window. When he shot her I saw it.

"Q. Was it lighted out there?

"A. It was light enough to see.

"Q. You were looking out the window on the north side of the door, or the south side of the door?

"A. I don't know. All I know I was looking out the window.

"Q. Was anyone else in there looking out the window with you?

"A. Yes. There was people in there looking.

"Q. Isn't it a fact that you heard a second shot and then some time later you went outside?

"A. No. I was looking the second time he shot."

Appellant testified that he thought deceased had a gun and was afraid she would kill him when he shot her.

■ Shooting the deceased at close range with a rifle authorized a finding of malice. Bell v. State, Tex.Cr.App., 398 S.W.2d 133; Beasley v. State, 171 Tex. Cr.R. 115, 346 S.W.2d 123. A rifle is a "deadly weapon" per se, Davis v. State,

**666**

Tex.Cr.App., 440 S.W.2d 291, and malice can be inferred from the use of a deadly weapon. Art. 45, Vernon's Ann.P.C.; Brown v. State, Tex.Cr.App., 438 S.W.2d 926; Valle v. State, Tex.Cr.App., 438 S.W.2d 583; Rodriguez v. State, Tex.Cr.App., 375 S.W.2d 289.

We find the evidence sufficient to support a finding of malice. Alston v. State, Tex.Cr.App., 458 S.W.2d 820; Redd v. State, Tex.Cr.App., 452 S.W.2d 919; Grant v. State, Tex.Cr.App., 449 S.W.2d 480; Sloan v. State, Tex.Cr.App., 409 S.W.2d 412.

█ Appellant contends that the court made a "judicial admission" in that there were *extenuating circumstances*, and that this was tantamount to a finding of murder without malice and the penalty could not exceed 5 years. The court stated: "I find the defendant guilty of murder with malice and assess his punishment at twenty years confinement in the State penitentiary. I think it was an entirely unnecessary killing. It could have been worse than that but there are some extenuating circumstances and I think twenty years is a fair appraisal of it."

The statement by the trial judge, that "there are some extenuating circumstances," was an explanation for the punishment assessed and did not amount to a finding of murder without malice.

Appellant's first ground of error is overruled.

█ Appellant's other ground of error is that he was denied his right to due process when the state's attorney suppressed, or consented to the suppression of, material evidence in his possession. He contends such evidence would have beneficially affected his case. The evidence referred to is a statement made by witness Willis to the police a few hours after the shooting occurred, in which she said that she heard a second shot, and after she heard the second shot she looked outside and saw appellant.

At the hearing on appellant's motion for a new trial, the assistant district attorney testified that no evidence was suppressed and that appellant's retained counsel was allowed to read the entire state's file prior to trial. The record reflects that the cross-examination of the witness Willis, during the trial, as to whether she heard a second shot, was consistent with the fact that he had knowledge of the statement.

The attorney before this court, during argument, stated that he was associated with trial counsel at the time and acknowledged that the state's file was shown to them prior to the trial, but argues that the state's attorney (on his own volition) should have handed the statement over to them during cross-examination. Such contention is clearly without merit. The second ground of error is overruled.

Finding no reversible error, the judgment is affirmed.