**Fannie HOWARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 45223.

Court of Criminal Appeals of Texas.

July 26, 1972.

Rehearing Denied Oct. 18, 1972.

Brian A. Eberstein, Dallas, for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for murder. Punishment was assessed by the jury at fifty years.

Appellant contends that the evidence is insufficient to support the verdict.

Upon responding to a call to investigate a shooting at 2420 Wells Street in Dallas, on January 24, 1969, Officer Hawkins testified that on entering the residence at said address, he found deceased's prone body stretched across the front of the doorway. Deceased's head was in appellant's lap. Upon being asked by Officer Hawkins as to what happened, appellant said, "The gun went off, I shot him." Shortly thereafter, the gun was found and according to Officer Hawkins, the appellant then stated that she had struggled with deceased over the gun and it had gone off. Appellant testified that deceased's gun was in her purse, and when deceased asked for his gun, she removed it from her purse. Appellant further testified that deceased stated he was going to kill her, reached for the gun, a struggle ensued, and the gun went off. The testimony of the investigating officer reveals that there were vases, lamps, furniture in the room, and there were no signs of a struggle. The State offered testimony that powder burns would be detectable on material for a distance of up to about four feet. Dr. McConnell, a pathologist, testified in performing an autopsy upon deceased, he found no powder burn on clothing or entrance part of the wound. Officer Hawkins testified that an examination of the gun revealed that three live shells ahead of the spent shell which killed deceased had been struck by the firing pin indicating that these shells had been hit by the firing pin prior to the fatal shot. The court's charge to the jury included instructions on the law of murder without malice, accident and aggravated assault.

Both appellant and the State cite Parker v. State, Tex.Cr.App., 432 S.W.2d 526. In Parker v. State, supra, this Court said:

"Very wisely the jury has been made the exclusive judges of the facts proven and the weight to be given to the testimony * * * this court does not, and should not, assume to exercise the right to reverse on the facts, unless the evidence,

when viewed in its strongest light from the standpoint of the state, fails to make guilt reasonably certain. * * * "

"While this court has the right to reverse a judgment of conviction on account of the insufficiency of the evidence * * * and it becomes its duty to do so 'if the guilt of the accused is not made to appear with reasonable certainty' (Mitchell v. State, 33 Tex.Cr.R. (575) 577, 28 S.W. 475), no fixed rule has been devised which will in all cases furnish a certain standard. Necessarily each case must in a measure be tested by its own facts."

In the instant case, it is undisputed that the gun was in the hand of appellant when the fatal shot was discharged. The jury chose not to believe appellant's explanation that the shooting was an accident. In rejecting appellant's version, the jury was supported by evidence of the absence of a powder burn on deceased which, according to the State's theory, normally results when a gun is fired at a distance of less than four feet. Further, there was testimony that there was no evidence of a struggle which tended to negate appellant's version. Still further, there was evidence that the firing pin in the gun had struck three live shells ahead of the shell which killed deceased.

It is not for the reviewing court to supplant the findings of a jury, unless it is able to point to weaknesses, omissions, or inconsistencies which destroy its cogency. Parker v. State, supra; Taylor v. State, 87 Tex.Cr.R. 330, 221 S.W. 611.

The evidence viewed in the light most favorable to the jury's verdict is sufficient to support the conviction.

Appellant complains that the court erred in allowing the State, in the course of asking a question, to make an unsworn statement to the jury of a material fact. We need not pass upon appellant's contention since no objection was made to the complained of question. Absent an objec-

tion, or a showing that appellant did not have an opportunity to object, at the time the question was asked, the complaint is not properly before us for review. Clark v. State, Tex.Cr.App., 470 S.W.2d 869; Brown v. State, Tex.Cr.App., 460 S.W.2d 925; Mason v. State, Tex.Cr.App., 459 S.W.2d 855. See 5 Tex.Jur.2d, Section 39, page 61.

Appellant contends that the evidence is insufficient to establish the element of malice. Malice can be inferred from the use of a deadly weapon. Art. 45, Vernon's Ann.P.C.; Ratcliffe v. State, Tex.Cr.App., 464 S.W.2d 664; Brown v. State, Tex.Cr.App., 438 S.W.2d 926. A pistol is a deadly weapon per se, and the shooting of the deceased in the instant case with such weapon authorized a finding of malice. Taylor v. State, Tex.Cr.App., 470 S.W.2d 693; Aguilar v. State, Tex.Cr.App., 468 S.W.2d 75; Ratcliffe v. State, supra.

The judgment is affirmed.

Opinion approved by the Court.

ROBERTS, J., not participating.