DAN NORWOOD v. THE STATE.

No. 13931.   Delivered November 19, 1930.
Rehearing denied January 14, 1931.
Reported in 34 S. W. (2d) 590.

284

The opinion states the case.

*Davenport & Crain* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful manufacture of intoxicating liquor; penalty, three years in the penitentiary.

No statement of facts accompanies the record. The only question properly presented for review is bill of exception No. 1 complaining of the action of the trial court in changing the venue on his own motion from Wichita County to Archer County. The power to make such is expressly vested by statute in the District Judge and in this case the Court appears to have acted within the power granted him by law. Art. 560, Vernon's Texas C. C. P., and authorities there collated.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The appellant was indicted in Wichita County on October 17, 1929, and tried on the 14th day of February, 1930. There were two counts in the indictment. Because the jury gave a general verdict, it was set aside upon motion of the appellant and a new trial was granted. In April, 1930, the appellant was tried again and the jury was discharged without a verdict, it appearing that there were eleven for a conviction and one for acquittal. The judge, on his own motion, then entered an order changing the venue to Archer County. The order, in form and substance, is in accord with the controlling statute, Art. 560,

C. C. P. The present appeal is from the verdict and judgment rendered in the District Court of Archer County at the May term, 1930.

The judgment is attacked upon the ground that the judge of the District Court of Wichita County abused his discretion in changing the venue. When the order changing the venue was made, the appellant excepted to it, but embraced in the record no facts upon which he founded his complaint. When the case was called in Archer County the appellant objected to the jurisdiction of that court but set up no facts further than a recital in his exception that the order of transfer was void because it stated no reason for making the transfer. As stated above, the order of transfer follows the language of the statute, namely:

"And it appearing to the satisfaction of the court that a trial alike fair and impartial to the accused and to the State cannot be had in this County, because the court is hereby convinced from the action of two juries that the State of Texas cannot get a fair and impartial trial in Wichita County and that the case of The State of Texas v. Dan Norwood, No. 4869-C is hereby transferred upon the court's own motion."

Bill of exception No. 2 relates to some remarks of the trial judge of Wichita County in April, 1930, in discharging the jury, which had considered the appellant's case and was unable to agree. The bill apparently has no relevancy to the matter of the present appeal. As heretofore construed, the statute vests in the trial judge the right to change the venue upon his own motion. Of course, it must be assumed that occasion might arise revealing an abuse of such discretion. To bring such action into review on appeal, however, it would be essential that there be set up and proved such facts as would demonstrate to a fair mind the soundness of the contention that in making the transfer the trial judge acted arbitrarily and without legal cause. So far as we are aware, no case has been brought to this court in which it has been declared on appeal that the action of the trial court in transferring the venue reflected an abuse of discretion. The subject was very carefully reviewed in the case of Henderson v. State, 104 Tex. Cr. R. in the opinion beginning at page 495 and the citation of authorities to be found at page 507. We confess our inability to present the matter more clearly than has heretofore been done in the case just cited and those collated in the opinion.

We are constrained to overrule the motion for rehearing.

*Overruled.*