ORIS NORWOOD V. THE STATE.

No. 14801. Delivered April 6, 1932.

The opinion states the case.

*Oscar Callaway,* of Comanche, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment, confinement in the penitentiary for five years.

It was charged in the indictment, in substance, that appellant had carnal knowledge of Ruby Mae Davis, a female under the age of 18 years, she not being the wife of appellant.

Appellant and prosecutrix are cousins. At the time of the alleged offense prosecutrix was approximately 16 years of age and appellant, 19. Prosecutrix testified, in substance, as follows: She, appellant and her small brother were working in her father's field. Appellant sent her brother to the house for some water and while he was gone she and appellant had an act of sexual intercourse, with her consent. She did not report the matter to her parents. A baby was born to her while she was sleeping in the room with her mother and father. The mother and father did not know when she gave birth to the baby. It died before a physician arrived. Prior to the birth of the child her mother had asked her

if she was pregnant. She had answered in the negative, although she was aware of her condition. Appellant admitted that he was in the field with prosecutrix, but denied that he had an act of sexual intercourse with her. He declared that he looked upon prosecutrix as a sister. Many witnesses testified that appellant's general reputation for being peaceable and law-abiding was good. The state made no effort to rebut the testimony of these witnesses. Prosecutrix testified that the act of intercourse with appellant was her only transgression. She said that appellant made no effort thereafter to have further acts of intercourse with her.

Appellant brings forward several bills of exception, in which he complains of the action of the court in permitting the state to prove the details of the birth and death of the baby. We are unable to see what light these details could have thrown upon any issue in the case. While it was admissible to show that the baby was born, the details of its birth and death would not appear to have been relevant to any issue in the case. However, the bills of exception, as qualified by the trial judge, fail to present reversible error, it appearing from the qualification that appellant initiated the inquiry concerning the matter about which he now complains.

After the jury had been impaneled and sworn to try the case, and after prosecutrix and several other witnesses had testified, the officer in charge of the jury took them in a body to a picture show. This was done without appellant's consent. The jury occupied two rows of seats apart from the audience. What is commonly known as a talking motion picture was shown. The picture dealt with sexual relations between a married man and a woman other than his wife. It disclosed the discovery by the wife of her husband and his companion in shame in a compromising position. Upon learning of her husband's infidelity, the wife embarked upon a course of unconventional conduct. Disaster was averted and the parties became reconciled. The moral was that illicit sexual relations destroy the home, which is the foundation of society. In his motion for a new trial, appellant urged that in attending the picture show the jury were subjected to outside influences which deprived him of a fair and impartial trial. All of the jurors testified that the show had no influence upon them and that they rendered their verdict according to the law and evidence in the case. Under the conditions reflected by the record, the opinion is expressed that a new trial should have been granted.

Various articles of the statute require that the jury in a felony case shall not separate save by permission of the court; that a room, food, and lodging shall be provided by the sheriff; that during the deliberations no one shall be with them, nor be permitted to converse with the jurors save in the presence of, and by permission of the court, and even then conversation with the jurors about the case on trial is forbidden. Viola-

tions of the provisions mentioned will subject the jury to contempt proceedings. It is made the duty of the sheriff to supply the reasonable wants of the jury, keep them together, prevent intercourse with other persons, and see that they are constantly attended by a proper officer, who shall remain sufficiently near and be at their call, but who shall not be with them while discussing the case, or converse with them about the case, or in the presence of any of them. See articles 668, 670, 671, 672 and 673, C. C. P. Disregard or transgression of any of these provisions may vitiate the verdict. These provisions are to preserve the purity of the jury and to facilitate a fair and impartial trial. In instances where there is apparent transgression or disregard of these provisions, the presumption of injury obtains, and the burden is upon the state to rebut the presumption. The practice of allowing jurors impaneled in important criminal cases to attend public entertainments or services should not ordinarily be permitted. 16 Ruling Case Law, page 308; Shaw v. State, 83 Ga., 92, 9 S. E., 768.

We are unwilling to speculate as to the effect the picture show had on the jury. The issue of guilt was closely contested. Disclaiming any intention to hold that in every case in which it is shown that the jury have been permitted to attend a public entertainment a reversal should follow, the opinion is expressed that under the facts presented by the present record the presumption of injury was not rebutted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.