W. C. BUTLER v. THE STATE.

No. 15191.    Delivered June 15, 1932.
Reported in 51 S. W. (2d) 384.

The opinion states the case.

*Williford & Williford* and *P. O. French,* all of Fairfield, *A. B. Geppert,* of Teague, and *Bryant & Williford,* of Wortham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, twelve years in the penitentiary.

We see no reason for setting out in detail the testimony in this case. From the standpoint of the state it appears to be a cold-blooded murder. From the standpoint of appellant it would be either a killing upon self-defense, or at most one committed when the mind of the slayer was incapable of cool reflection so that the killing would not be attributable to malice aforethought. We have gone through the various complaints of appellant as appearing in the record, and have considered them as care-

fully as we could, and find no error in any of the matters except the one herein discussed.

Appellant excepted to the charge of the court for its failure to apply, or attempt to apply, the law to the facts as is required and provided in chapter 60, page 94, Acts of the 42nd Legislature (Vernon's Ann. P. C., art, 1257c), which was effective at the time of this trial in November, 1931. Examining said act, we observed that it requires all trial courts, in cases whose facts raise the issue of murder without malice, to instruct the jury that murder without malice is a voluntary homicide committed without justification· or excuse under the immediate influence of a sudden passion arising from an adequate cause, by which it is meant such cause as would commonly produce a degree of anger, rage, resentment or terror in a person of ordinary temper sufficient to render the mind incapable of cool reflection. In paragraph six of the court's charge the abstract proposition of law contained· in what we have just set forth, as the substance of said act, was given in practically the exact language of the statute. The remainder of said amended act, however, makes a requirement of the trial judge which was not followed in this case. The remainder of said act is as follows: "And in appropriate terms in the charge to apply the law to the facts as developed from the evidence." Manifestly this means that, in a case where there is testimony raising the issue of murder without malice, the trial court must in appropriate terms instruct the jury, in substance, that, if they believe, or have a reasonable doubt thereof, from all the facts and circumstances in evidence, both those occurring at or about the time of the homicide, or prior thereto, that the mind of the accused was in such condition of sudden passion arising from an adequate cause as to render it incapable of cool reflection, and that such cause or causes, if any, was such as would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper sufficient to render the mind incapable of cool reflection, and that, while in such condition of mind, the accused committed the offense charged, then they could not assess a penalty of more than five years in the penitentiary. We are not trying to lay down a form, but to call attention to what appears to be a necessary interpretation of a recent statute which in words says it "Shall be the duty of the court * * * in appropriate term in the charge to apply the law to the facts in evidence."

This is not to be taken as holding that trial judges must undertake to group or enumerate the various things claimed by the accused as having taken place and as having brought his mind into such condition as to render it incapable of cool reflection. This latter method of charging seems universally condemned.

In the case before us there was no question made of the fact that appellant shot deceased. The defensive theory was self-defense based on apparent danger from one angle, and threats from another, both of which

issues appear to have been fully and fairly presented by the charge of the court as changed and finally given to the jury. The court seems to have given an admirable charge upon murder with and without malice, save in the regard herein above discussed. The fact that appellant defended upon the ground that he believed deceased was about to attack him, or to execute a threat thereofore made, would not operate to deprive appellant of his right to have the law fully and fairly charged and applied to the facts in the case as bearing upon his rights thereunder in case he shot and killed deceased while his mind was under the influence of sudden passion arising from an adequate cause. Steen v. State, 88 Texas Crim. Rep., 256, 225 S. W., 529.

For the error mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*