## L. J. LEE v. THE STATE.

No. 17647.   Delivered October 23, 1935.
Rehearing Denied December 4, 1935.

The opinion states the case.

*Collins & Fairchild* and *Sam H. Townsend,* all of Lufkin, and *W. M. Hutson,* of Groveton, for appellant.

456

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for five years.

The trial was had in Angelina County on a change of venue from Trinity County.

The indictment charged, in substance, that appellant, with malice aforethought, killed Olgie Parker by shooting him with a gun.

Appellant and deceased were at the home of W. S. Steele. Lorine Steele showed appellant a picture deceased had given her. According to the version of the State, appellant took the picture and destroyed it. He and deceased then began to quarrel. Finally they went behind the house and engaged in a fight. According to the testimony of witnesses for the State, when this difficulty terminated appellant said he was going home and get a gun and return. Deceased told him he would be waiting for him. Appellant left the house but returned in about thirty minutes. It was the State's version that he brought a gun with him. Appellant testified that he had no weapon of any character. Witnesses for the State testified that appellant called deceased from the house and that as deceased was going outside appellant shot him in the back. They further testified that deceased was unarmed and making no demonstration at the time he was shot. Appellant testified that deceased approached him with a gun and that the gun was discharged while he, deceased and a by-stander scuffled over it. He denied that he shot deceased. His version of the transaction was given support in the testimony of witnesses on his behalf.

No bills of exception are brought forward. The evidence is deemed sufficient to support the conviction.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant insists that the trial court committed fundamental error in his instructions on murder without malice. The part of the charge criticized is that paragraph applying the law of murder without malice from the State's standpoint. In the very next paragraph

the jury was instructed that if they had a reasonable doubt whether the killing was done with malice the doubt must be resolved in appellant's favor, and the punishment should not be for more than five years. No fundamental error appears.

It is again insisted that fundamental error was committed by the trial court in that it is claimed that the law of murder without malice was not sufficiently applied to the facts. Appellant relies on Privett v. State, 57 S. W. (2d) 1102; Youngblood v. State, 50 S. W. (2d) 315; Butler v. State, 51 S. W. (2d) 384. In the case of Smith v. State, 61 S. W. (2d) 835, the authorities mentioned were reviewed, and the Butler case not followed in the respect here involved. The charge given in Smith's case was practically the same found in the present case, and was sustained even over objection.

In a further review of the record we find nothing upon which a reversal may be properly predicated.

The motion for rehearing is overruled.

*Overruled.*