## WALTER HETTICH V. THE STATE.

No. 18255. Delivered May 13, 1936.
Rehearing Denied June 17, 1936.

The opinion states the case.

*McKinney & Berry,* of Cooper, and *Emmet Thornton,* of Sulphur Springs, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for 40 years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Alvie Luckey by shooting him with a gun.

The proof showed that deceased and Geneva, the 19 year old daughter of appellant, had had sexual relations, resulting in the birth of a child. Two or three days before the child was born deceased and Geneva married. After the child died deceased abandoned his wife.

The homicide occurred on the 14th of April, 1935, approximately eight months after the marriage. The State's testimony was to the effect that deceased was walking along the street

when appellant, his son and Geneva drove by in an automobile. Appellant was sitting on the back seat. Witnesses for the State testified that they heard appellant's daughter beg him not to shoot. Nevertheless, appellant shot deceased twice with a shotgun. The second shot took effect in the back. According to the version of the State, deceased was making no demonstration at the time he was killed. In short, the State's testimony warranted the conclusion that appellant assassinated deceased.

Testifying in his own behalf, appellant admitted that he killed deceased. However, it was his version that deceased attempted to jump on the running board of the automobile and made a demonstration at the time as if to draw a weapon. He said he believed his life was in danger. He testified that he had been advised that deceased had threatened to kill him. The son and daughter of appellant gave testimony corroborating his version of the transaction.

The record is voluminous, appellant having prepared and brought forward fifty-two bills of exception. Most of said bills are concerned with the refusal of the court to submit requested instruction on the law of murder without malice, it being appellant's contention that he was entitled to have the jury advised that the conduct of deceased toward his daughter constituted adequate cause. Said charges were properly refused. Since the repeal of the statutes defining manslaughter the court is not required to define the term "adequate cause" other than as same is defined in Chap. 60, Acts 42nd Legislature, Regular Session. Stephens v. State, 68 S. W. (2d) 181. In defining murder without malice, the court followed the language of Chap. 60, supra, and instructed the jury as follows:

"Murder without malice aforethought is a voluntary homicide committed without justification or excuse under the immediate influence of a sudden passion arising from an 'adequate cause' by which is meant, such cause as would commonly produce a degree of anger, rage, resentment or terror in a person of ordinary temper sufficient to render the mind incapable of cool reflection."

In making application of the law of murder without malice the court instructed the jury as follows:

"If you believe from the evidence beyond a reasonable doubt that the defendant Walter Hettich in Hopkins County, Texas, on or about the 14th day of April, 1935, did unlawfully and voluntarily without justification and not in self defense kill Alvie Luckey by shooting the said Alvie Luckey with a gun,

yet if you believe (or have a reasonable doubt thereof) from all the facts and circumstances in evidence in this case that the defendant Walter Hettich was under the immediate influence of a sudden passion arising from an adequate cause and that such cause or causes, if any, were such as would commonly produce a degree of anger, rage, resentment or terror in a person of ordinary temper sufficient to render the mind incapable of cool reflection, and that while in such condition of mind (if he was in such condition) the defendant shot and killed the said Alvie Luckey, you will find him guilty of murder without malice aforethought and assess such punishment as you may determine under the instructions herein given you."

The court had theretofore instructed the jury as to the punishment they were authorized to inflict in the event of conviction of murder without malice.

In the case of Smith v. State, 61 S. W. (2d) 835, this court held a charge substantially the same as the foregoing to be a sufficient application of the law of murder without malice to the facts. In Butler v. State, 51 S. W. (2d) 384, we held that the court was not required "to group or enumerate the various things claimed by the accused as having taken place and as having brought his mind into such condition as to render it incapable of cool reflection."

Bills of exception 46 to 48, both inclusive, relate to appellant's objections to the testimony of witnesses for the State to the effect that immediately after he was shot deceased said: "Walter (referring to appellant) got me. I don't know why he did it; if I did I would not mind to go." Appellant objected to said testimony on the ground that it was hearsay. In qualifying the bills of exception, the court states that he admitted it as res gestae. As qualified, the bills of exception fail to reflect error.

Over appellant's proper objection, the State proved by the witness Clyde Mead that some time prior to the homicide appellant said that he stood in with the law and could kill a man and get by with it. It is observed that Dewey Cox, a witness for the State, testified without objection that appellant told him that he (appellant) "could be a deputy sheriff in twenty four hours and kill a man and the law wouldn't do nothing about it." It appearing that substantially the same testimony from another source was before the jury without objection, we would not be warranted in holding that the bills of exception reflect reversible error. We quote ·from 4 Tex. Jur., p.

587, as follows: "It is a general rule also that the admission of improper evidence does not constitute reversible error if the same facts were proved by other and proper testimony or by evidence which was not objected to * * *."

A careful examination of the record leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellants insists, as in his original brief, that the trial court did not adequately apply the law to the facts upon the issue of murder without malice. We have again reviewed both the charge as given and the facts in evidence, and are constrained to believe said charge fully and adequately presented the law of said issue, and applied the same to the facts. Except there be some statutory announcement of a particular fact that might form the basis for a holding that a killing would be murder without malice, the courts would have no right to tell the jury in any case that any particular fact or group of facts would be sufficient to demand or compel a verdict of guilty of murder with or without malice. The jury are the exclusive judges of the weight of the testimony, and their province can not be usurped by the charge of the court singling out or selecting any particular fact upon proof of which the jury might find for or against the accused on the issues of murder with or without malice.

We are not able to agree with appellant that the testimony of Clyde Mead, with reference to a statement made by appellant to him some months before the killing, should work a reversal of the case. As substantially stated in our original opinion, another witness named Cox, who preceded Mead upon the witness stand, testified that some hours before the killing appellant made to him substantially the same statement as was testified to by Mead as having been made to him prior thereto. We do not see how the question of remoteness enters into the disposition of the question of the admissibility of this testimony. The whole trouble arose out of the conduct of deceased toward the daughter of appellant. It is quite evident that this conduct was known to appellant at the time he made

the statement to Mead, and the same feeling that would cause a similar remark to be made by appellant aimed at deceased, as testified to by Mr. Cox, would appear likely to have existed.

Where there are two theories in a murder case, each supported by testimony, and the verdict evidences the jury's acceptance of one such theory, this court would not feel itself warranted in declining to uphold the action of the jury because of any feeling on our part that the testimony might more strongly have supported the other theory.

Being unable to agree with appellant, the motion for rehearing is overruled.

*Overruled.*