HARRY LACY V. THE STATE.

No. 19145.   Delivered Dcember 15, 1937.

The opinion states the case.

*Bracewell & Spiner,* of Houston, and *E. R. Wright,* of Huntsville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of murder with màlice aforethought and his punishment was assessed at death.

The State proceeded with the prosecution of this case on the theory that appellant had stolen a hog belonging to Edgar Womack; that Womack had received some information relative thereto which induced him to make an investigation, leading to the discovery of his hog in a branch partly submerged. A wash pot with water in it and fire under it was near by. With the aid of some other parties, he dressèd the hog and started to carry it home. On the way, they passed the appellant who

fired upon and killed the deceased to prevent prosecution for theft.

Appellant's contention was that he killed Womack under duress exercised over him by Bosie Beasley; that Beasley was the man who stole the hog and who was found at the wash pot near the place where the dead hog was discovered; that Beasley feared that the deceased would prosecute him and desired for this reason to get him out of the way; that Beasley told him, appellant, that if he did not kill Womack, he, Beasley, would kill him; that Beasley was present or in the immediate vicinity of the homicide and was holding a gun on him demanding that he shoot the deceased, and being so commanded, he shot and killed Womack.

Appellant's first complaint is that the trial court erred in declining to sustain his motion for a change of venue on the ground that there existed in Grimes County such prejudice against him and against the negro race (he being a negro), that he could not obtain a fair and impartial trial at the hands of the citizenship of said county who were eligible for jury service. The court heard the testimony of three witnesses offered by appellant in support of his motion, but it is interesting to note that all of these witnesses testified that appellant could get a fair and impartial trial in said county. It further appears from the record that the offense was committed in Trinity County, and the court of his own motion, after conferring with appellant's counsel, changed the venue of the case to Grimes County.

Ordinarily, the matter of granting or refusing a motion for a change of venue of a case rests within the discretion of the trial court, and unless it appears from the record that the court abused his discretion to the prejudice of appellant, this court would not be authorized to disturb his judgment. We note, however, that the motion is not in compliance with Art. 562, C. C. P., in that it is not supported by the affidavit of two credible persons, residents of the county in which the prosecution is pending. Hence, the matter is not properly before the court. See Gibson v. State, 53 Texas Crim. Rep., 349.

Bills of exception numbers two, three, and four all relate to arguments by counsel for the State. We do not deem it necessary to enter upon a discussion of the matters therein presented in view of the disposition we are making of this case, because the same may not occur again upon another trial.

Bill of exception number five shows that over appellant's timely objection, the district attorney was permitted to elicit

from the witness, Bosie Beasley, the fact that two grand juries had been in session in Trinity County since the alleged offense was committed, but that he was not indicted by either for the murder of Edgar Womack.

It appears from the record that Beasley knew that appellant would take the position that he, Beasley, killed Womack's hog, and to weaken his anticipated prosecution he made appellant kill the deceased. Therefore, while the State was introducing its evidence in chief and before appellant offered any evidence, Beasley appeared in the courtroom and requested to be permitted to testify in the case, and under those circumstances was permitted to do so. He denied that he had anything to do with the theft of Womack's hog, the murder of the deceased or any connection therewith. He also denied that he exercised any duress over the appellant which required or caused appellant to kill Womack. In support of the State's theory and in connection with Beasley's testimony, the State was permitted to offer the testimony objected to.

Whether or not the killing of Womack by appellant was voluntary and with malice aforethought, or was committed under duress exercised over him by Beasley, was a hotly contested issue, and the State by showing that two grand juries had failed to indict Beasley for the murder of the deceased, threw the weight of the opinion of the grand jury as to the want of Beasley's connection with the unfortunate occurrence, in the balance against appellant's contention. This was obviously prejudicial and the court could not effectively withdraw the harmful effect thereof by an instruction to the jury that they might consider it only for the purpose of affecting, if it did affect, the credibility of the witness, Beasley. We fail to see how it could affect the credibility of the witness Beasley except to bolster up his testimony. It occurs to us that the charge of the court in trying to limit said testimony, rather accentuated than minimized the error in admitting it. In support of what we have said, we refer to the following authorities: Elam v. State, 47 S. W. (2d) 279; Bennett v. State, 48 S. W., 61; Cecil v. State, 72 S. W., 197; Fondren v. State, 169 S. W., 411 (432).

For the error herein discussed, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.