## J. H. ROGERS V. STATE.

No. 30,377. April 1, 1959.
Motion for Rehearing Overruled May 20, 1959.

MORRISON, Judge, dissented.

*Florence & Garrison, Florence & Florence,* by *Conrad Florence,* Gilmer, for appellant.

*James L. Hartsfield,* County Attorney, Quitman, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is murder; the punishment, 25 years.

The killing occurred in Wood County on October 1, 1956. The indictment was returned in the 115th Judicial District Court of that county.

Venue was changed upon the court's own motion to the 114th District Court of Smith County on November 30, 1956, the order reciting that an unsuccessful effort had been made to select a jury; that a fair and impartial jury could not be found in Wood County for the trial of the case; that the case had received wide publicity in five weekly newspapers published and circulated in Wood and adjoining counties; that the same condition which made it improbable that a fair jury might be found in Wood County prevailed in Rains County and that appellant and his counsel agreed with counsel for the state that the case might be transferred to Smith County without objection.

Venue was changed by order entered December 18, 1957 in the 114th Judicial District Court of Smith County, on the court's own motion, to Dallas County to be tried in Criminal District Court of said county, and appellant excepted.

The reasons and findings of the court are set out in the order as follows:

"And it appearing to the satisfaction of the Court that a trial alike, fair, and impartial to the accused and to the State cannot be had in Smith County, Texas, because:

"1. This cause was duly and legally transferred to this Court by Order dated November 30, 1956, from the 115th Judicial Court of Wood County, Texas, which order is on file as a part of the record herein.

"2. This cause was set for trial by this Court on January 15, 1957, defendant's Motion to withdraw his announcement of ready was granted and the case was continued and reset for trial for April 8, 1957.

"3. That on April 8, 1957, both the state and the Defendant announced ready, and the trial of the case began, and on April 18, 1957, the trial of this case was concluded, and the Jury returned a verdict of guilty of murder with malice and assessed the punishment of the defendant at fifty years' confinement in the penitentiary.

"4. On June 24, 1957, the defendant's Motion for a new trial was granted and the cause was reset for trial on September 16, 1957. ·

"5. On September 16, 1957, defendant's Motion for continuance was granted and the cause was reset for trial for October 21, 1957.

"6. On October 21, 1957, this cause was continued on the Motion of defendant and reset for trial for December 2, 1957.

"7. On December 2, 1957, the State and the defendant announced ready for trial and the Jury selection begun; and prior to the examination of any veniremen, the State made a Motion to the Court which Motion is on file herein, asking the Court to instruct the defendant, his counsel, and his witnesses not to ask or propound or attempt to elicit, either directly or indirectly, any questions concerning a proposed offer by defendant's counsel to submit to a lie detector test, or any evidence with reference to the submission of a lie detector test to either the defendant or defendant's witnesses or any of State's witnesses in the presence and hearing of any of the special veniremen summoned to try this case; State's Motion regarding the lie detector test was by the Court granted, and the defendant and his Counsel were instructed in accordance with said Motion.

"8. On December 5th, 1957, the State filed a Motion herein alleging that the acts and conduct of C. E. Florence one of the attorneys for the defendant, constituted contempt of Court, and such Motion was set for hearing by this Court for December 18, 1957, at 10:00 A.M.

"9. That numerous witnesses from various counties in this section of Texas were summoned by the said C. E. Florence to be present on December 18th, 1957, said witnesses including several Judges of the District Courts of adjoining and other districts.

"10. That each and every step outlined above by numbers one through nine were given wide publicity in both the morning and evening Tyler Newspapers and by the Tyler radio stations, being three in number, and by the Tyler Television Station, K.L.T.V., which Television station is the only Television station between Dallas on the west, and Shreveport on the east, Texarkana on the northeast and Lufkin on the south, and the filing of the Motion as described in paragraph seven above was pub-

lished in the Tyler newspaper at a time when approximately one-half of the veniremen summoned for this case had been examined and five jurors had been selected.

"11. Publicity in the Tyler newspapers and by the Tyler radio stations and by the Television station of the fact the State had filed a Motion to prevent the jurors or veniremen from learning of any offer by the defendant or his counsel regarding a lie detector test caused such information to be received by many veniremen who had not yet been examined in this cause. The Tyler newspapers are circulated in adjoining counties and adjoining judicial districts, and the Tyler radio stations may be heard in adjoining counties and adjoining judicial districts, and the Tyler Television station may be viewed in all of the adjoining counties and adjoining judicial districts; and the wide publicity that has been given to this case in the adjoining counties and judicial districts has created in the minds of many citizens, both in Smith County and in adjoining counties and adjoining judicial districts opinion concerning the guilt or innocence of the defendant, which disqualify them from serving as jurors in this case; and the same or similar conditions which prevail in Smith County, Texas, likewise prevail in each of the adjoining counties and in each of the adjoining judicial districts.

"12. After the publication by the Tyler newspaper of the filing of the State's motion regarding defendant's proposal or offer with reference to a lie detector test, which information was furnished to a newspaper reporter by one of the counsel for defendant, many veniremen disqualified for cause, stating that they had an opinion as to the guilt or innocence of the defendant.

"13. That after the publication by the Tyler newspaper of the fact of the filing of the Motion by the State regarding a lie detector test, the State challenged three veniremen on the grounds that they had read the newspaper article regarding the lie detector test, and such challenge was not resisted by the defendant.

"14. That at least fifteen veniremen disqualified on voir dire examination because each of them had an opinion and that there were three remaining veniremen who had not been examined at the time the Court concluded that a trial alike, fair, and impartial to the accused and to the State could not be had in Smith County.

"And it appearing to the Court that a trial alike, fair, and impartial to the accused and to the State cannot be had in Smith County, Texas, and a fair and impartial jury cannot be found in Smith County, Texas for the trial of this case. And it appearing to the Court that a trial alike, fair, and impartial to the accused and to the State cannot be had in any adjoining county to Smith County, Texas and in any adjoining judicial district.

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Court upon its own motion that the venue of this cause be, and the same is changed to Dallas County, Texas, to be tried in the Criminal District Court of Dallas County, Texas."

When the trial court's decision to change the venue to Dallas County was made known to them appellant's counsel complained and insisted that venue be changed to an adjoining county or to a county of an adjoining judicial district.

A statement of facts is before us which shows the testimony presented for the purpose of establishing that, contrary to the court's conclusions, a trial fair alike to the state and to the defendant could be had before a jury in either of several adjoining counties. Also the statement of facts shows the evidence offered by the state as to the television, radio and newspaper coverage and circulation in the Tyler area which included the counties and judicial districts adjoining Smith County and the 114th Judicial District.

We note that publicity was given to the conviction of appellant at a former trial in Smith County with punishment fixed by the jury at fifty years and the granting of a new trial by the trial judge "upon a technicality."

If the statutes applicable to change of venue were correctly interpreted by this court in Ellzey v. State, 158 Texas Cr. Rep. 604, 259 S.W. 2d 211, and the trial judge had the authority under the provisions of Art. 566 V.A.C.C.P. to send the case to any county which did not join Smith County or was not in a judicial district adjoining the 114th Judicial District, then an abuse of discretion to the prejudice of appellant in the venue being changed to Dallas County would have to be shown to successfully attack the order. Norwood v. State, 116 Texas Cr. Rep. 283, 34 S.W. 2d 590; Coffman v. State, 73 Texas Cr. Rep. 295, 165 S.W. 939; Sapp v. State, 87 Texas Cr. Rep. 606, 223 S.W. 459, 462,

and cases cited; Henderson v. State, 104 Texas Cr. Rep. 495, 283 S.W. 497, 503.

In Henderson v. State, supra, venue was changed on the court's motion from Van Zandt County to Kaufman County. Evidence was offered in an endeavor to have the order rescinded and evidence was offered controverting the recital in the order of transfer to the effect that a fair trial could not be had in Van Zandt County.

The refusal of the court to hear the evidence was upheld on appeal upon the holding that the proffered testimony presented a conflct such as would have made it discretionary with the trial court, had such discretion been an issue under Art. 631 C.C.P. (now 565) but the venue was changed under Art. 626 C.C.P. (now 560) which authorized the judge to change the venue on his own motion reciting "Judge presiding shall be satisfied that a trial, alike fair and impartial to the accused and to the State, cannot from any cause, be had in the county where the case is pending." The holding was that revision of such order under Art. 560 V.A.C.C.P. upon appeal can only be made in a case where it is shown that the rights of the accused have been materially prejudiced by the action of the court in changing the venue.

To comply with the rule stated appellant was under the situation pointed out by Judge Davidson in Spriggs v. State, 163 Texas Cr. Rep. 167, 289 S.W. 2d 272:

"There is perhaps no provision of our laws which places in the hands of a trial judge more inherent power than does this statute, for he can exercise the authority there conferred when he is 'satisfied * * * from any cause' that a trial fair to the accused and to the state cannot be had in the county where the case is pending.

"Of course, the trial court's action is subject to review to determine if he has abused his discretion. But where the trial court has the right to satisfy himself 'from any cause,' it is difficult to envisage a state of facts by which this court would be warranted in finding that an abuse of discretion has occurred.

"Art. 560, C.C.P., has been a part of the statute law of this state since 1876, and, in so far as we are advised or have been able to ascertain, this court has never found that a trial court abused his discretion thereunder.

"This court cannot say that the facts, circumstances, and conditions certified and set forth in the trial court's order changing the venue were not sufficient to satisfy him that he should make the order — and this, notwithstanding the strong showing by the appellant that a fair trial could be had in the county where the prosecution was begun."

Spriggs' burden, which he failed to meet, was to show that the facts, circumstances and conditions certified in the order changing the venue to an adjoining county were not sufficient to satisfy the trial judge that he should make the order. His strong showing that a fair trial could be had in the county where the indictment was returned was held insufficient to show error in ordering the venue changed.

Here, under the Spriggs and Ellzey cases, the appellant was under the necessity of showing that the facts, circumstances and conditions set out in the order changing the venue were not sufficient to satisfy the trial judge that he should change the venue to a county not adjoining or in an adjoining judicial district. This he sought to do but only by testimony that a fair trial could be had in an adjoining county or district.

The identical principle applies.

There is no showing in the record that appellant was prejudiced by his trial being in Dallas County rather than before a fair jury in some other county.

Appellant shot with a shot gun loaded with buckshot and thereby killed the deceased, W. H. Lyle, as he sat in an automobile with his wife, his daughter Iwana Luther, and his grandson, in front of appellant's home.

The jury accepted the testimony of the state and rejected the plea of self-defense raised by the testimony of appellant and his witnesses.

During the trial at Dallas there were various references to a former trial of appellant at Tyler. It was shown that after the former trial a cap pistol which was in the car in which deceased was shot was repossessed by Iwana Luther, but was later returned to the sheriff of Wood County.

Appellant complains of the overruling of his motion for mistrial because Iwana Luther, in reply to a question by appellant's

counsel "What time did you turn it back to the sheriff of Wood County?" answered "After I found out Mr. Rogers was granted a new trial."

The trial judge instructed the jury not to consider the answer for any purpose, but declined the further request that a mistrial be declared.

The fact that a former trial had been held being before the jury, the result of the former trial not being otherwise shown or suggested, we are aware of no authority requiring that a mistrial be declared because a witness, in fixing the time of an event inquired about, mentioned that the defendant was granted a new trial. Coffman v. State, 73 Texas Cr. Rep. 295, 165 S.W. 939, and Smith v. State, 52 Texas Cr. Rep. 351, 106 S.W. 1165, cited by the state, are contrary to appellant's contention.

Complaint is made that Nelda Rogers, daughter of the deceased and the wife of appellant's son who testified for the defense, was asked on cross-examination: "Now your father was a good man wasn't he?" and "You never heard your father say an unkind thing to anybody, did you?"

Neither of these questions were answered.

Assuming that the asking of the questions conveyed to the jury that the daughter believed her father, the deceased, to be a good man who never said an unkind thing to anyone, this was not contrary to but consistent with the testimony of witnesses for the defense that the deceased was kind and friendly to appellant and his family during their acquaintance and there was no break in their relation at least until the evening before the killing.

No motion for mistrial was made based upon the questions asked, and no such error is shown as would warrant reversal.

The remaining error assigned relates to a claimed conflict in the charge. It presents no error which in view of Art. 666 C.C.P. warrants reversal.

The judgment is affirmed.

MORRISON, Presiding Judge, (dissenting).

We are met at the outset in this case with an interpretation of Article 560, V.A.C.C.P., which provides:

"Whenever in any case of felony the judge presiding shall be satisfied that a trial, alike fair and impartial to the accused and to the State, can not, from any cause, be had in the county in which the case is pending, he may, upon his own motion, order a change of venue *to any county in his own, or in an adjoining district,* stating in his order the grounds for such change of venue."

It is only the italicized portion of the above statute which must here receive our attention. All concede that the court acted properly in changing the venue out of Smith County, but the appellant strenuously objected to the case being sent many miles away to Dallas County rather than to a county in his own or an adjoining district *as provided by the statute.* Never before, so far as I can ascertain, has this question been so clearly presented for decision. Here, the appellant called fifteen witnesses, such as sheriffs, prosecuting attorneys, county judges, etc. from all "adjoining districts" whose testimony covered 170 pages of the record and conclusively establish, to my mind at least, that the state and the accused could receive a fair trial in any of the counties adjoining Wood, where the offense was alleged to have been committed, and Smith, where the first trial was had.

Recently, in Ellzey v. State, 158 Texas Cr. Rep. 604, 259 S.W. 2d 211, we said, "We do not hold that it would be within the discretion of a trial court to arbitrarily transfer a case from one side of the State to another." In the case at bar, the appellant has affirmatively shown *that which was absent in Ellzey,* to-wit: that "the intervening counties were free from the objections" which existed in Wood and Smith Counties. In the recent case of Spriggs v. State, 163 Texas Cr. Rep. 167, 289 S.W. 2d 272, relied upon by my brethren, the venue was changed from Milam to the adjoining county of Falls, and therefore cannot support the action of the court in the case at bar. For the same reason, Henderson v. State, 104 Texas Cr. Rep. 495, 283 S.W. 497, will not support the holding of the majority herein.

The only effort made by the State to support the trial court in disregarding *the provisions of the above statute* was to show that the case had received some publicity in some of the counties by means of newspaper accounts and television and radio reports. This court has held, in line with the Supreme Court of the United States, that newspaper publicity is not the proper criterion upon which to determine the question of change of

venue. Kizzee v. State, 166 Texas Cr. Rep. 191, 312 S.W. 2d 661, and cases there cited.

For the reason stated, I respectfully dissent.