JACK ALLEN V. STATE

No. 31,218. February 24, 1960
Motion for Rehearing Overruled April 13, 1960

WOODLEY, Judge, concurred.

DAVIDSON, Judge, dissented.

*W. A. Leslie* and *Cliff Tupper*, San Angelo, for appellant.

*Justin A. Kever*, District Attorney, San Angelo, *Eldon Mahon*, District Attorney, Sweetwater, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder; the punishment, twenty-five years.

The state's case showed an unprovoked killing of a stranger in a beer tavern.

The defense was that appellant was in a state of insulin shock, knew nothing of what transpired, and was therefore not criminally responsible for what occurred.

The facts were fully developed, and appellant's defense was ably presented. Some thirty-two witnesses testified, two of whom were physicians, and the jury resolved the conflict in the evidence against the appellant. We find the evidence sufficient to support its verdict.

We shall discuss the contentions advanced by brief and argument.

It is first contended that the trial court erred in changing the venue on his own motion from Tom Green County, where the homicide occurred, to Nolan County in an adjoining judicial district.

The court's order tracked the statute (Article 560, V.A.C.C.P.) and recited that it appeared to the satisfaction of the court that a trial, alike fair and impartial to the accused and to the state, could not be had because of the widespread publicity given the case both at the time of the commission of the offense and upon two former trials, both of which resulted

in mistrials, at which 600 veniremen had been summoned and that such proceedings had been the topic of wide discussion throughout the county.

Appellant seems to recognize that the responsibility rested upon him to demonstrate that the court abused its discretion by acting arbitrarily and without legal cause, as the rule is announced in Norwood v. State, 116 Tex. Cr. Rep. 283, 34 S. W. 2d 590, which was affirmed and upon which he relies. In order to prove such abuse of discretion, he offered no proof but relies upon a stipulation which was entered into between the state and appellant and certified by the court. Such stipulation recited that the case had twice been tried in Tom Green County, both of which trials resulted in hung juries; that it had required less than four days to select each jury; that neither the state nor the appellant had exercised all their peremptory challenges; that each jury was discharged after 30 hours deliberation; and that the Tom Green County jury wheel contained the names of 10,000 qualified jurors. The court observed in Norwood that they were aware of no case which had been reversed because of an abuse of discretion under Article 560, supra. Only recently the writer had occasion to dissent in such a case (Rogers v. State, 168 Tex. Cr. Rep. 148, 324 S. W. 2d 10), but such dissent was directed to the county to which the case was sent and not to the action of the court in changing the venue. Since Norwood was decided in 1930 we are also unable to find a case which would be authority to reverse the instant case. Rather than demonstrating an abuse of discretion, as appellant contends, we have concluded that the stipulations serve to fortify the conclusions reached by the trial court in his order changing the venue.

We find nothing in Henderson v. State, 104 Tex. Cr. Rep. 493, 283 S. W. 497, which was also affirmed and upon which appellant also relies, contrary to the conclusion we here reach that no abuse of discretion has been shown.

It is next contended that the trial court erred in not declaring a mistrial when it was learned that during the selection of the jury five of the jurors who had then been selected, in company with a deputy sheriff, viewed the motion picture "The Ten Commandments."

Reliance is had upon Norwood v. State, 120 Tex. Cr. Rep. 510, 48 S. W. 2d 276, which has not been cited by this court

since it was decided in 1932. However, the facts in Norwood are far stronger than in the case at bar. There it was shown that the film which was viewed by the jury dealt with illicit sexual relations and that the case then on trial was for rape. No witness testified as to what was portrayed in the motion picture viewed by the jurors, and we cannot take judicial knowledge of such matters. So then this case falls into the category of cases which hold that it is not reversible error per se for the sheriff having charge of the jury in a homicide case to take the jury to a picture show at night during the progress of the trial. See 33 A.L.R. 2d 850n and the cases there cited. Brown v. State, 167 Tex. Cr. Rep. 351, 320 S. W. 2d 670.

Appellant next contends that the court erred in failing to apply the law to the facts in submitting the offense of murder without malice. Reliance is had upon Youngblood v. State, 121 Tex. Cr. Rep. 465, 50 S. W. 2d 315; Butler v. State, 121 Tex. Cr. Rep. 288, 51 S. W. 2d 384; and Privett v. State, 123 Tex. Cr. Rep. 86, 57 S. W. 2d 1102. It should be noted that each of these cases was decided shortly after the amendments of Article 1257c, V.A.P.C., in 1927 and 1931.

In Beamon v. State, 133 Tex. Cr. Rep. 283, 109 S. W. 2d 1069, in discussing the same question, this court said that the following charge was sufficient:

"You are further charged that even though you should find the defendant guilty of murder, beyond a reasonable doubt, unless you find from all the facts and circumstances in evidence in this case, beyond a reasonable doubt, that the defendant, in killing the deceased, if he did, was prompted and acted with his malice aforethought, as the same is hereinbefore defined, then you cannot assess any punishment for any term of years longer than five."

Still later, in Weems v. State, 148 Tex. Cr. Rep. 154, 185 S. W. 2d 431, this court said:

"Appellant reserved an exception to the charge of the court submitting murder without malice, claiming that same did not affirmatively apply the law to the facts in evidence. The charge given follows in exact language the charge that was approved against the same objection in Beamon v. State, 133 Tex. Cr. R. 283, 109 S.W. 2d 1069.

"While we think it preferable that in submitting murder

without malice the charge follow that as suggested in the Butler, Hettich, and Stapp cases, supra, yet the language there employed is, nevertheless, by no means to be exclusive, for as we said in Butler's case, we did not intend to there 'lay down a form' to be followed, 'but to call attention to what appears to be a necessary interpretation' of Art. 1257c, Vernon's Ann. P. C. In approving the charge in Beamon's case, we pointed out wherein the charge was deemed a sufficient application of the law. Such is also true in the instant case."

The charge before us here is substantially the same as the one found in Beamon, Weems, and Pugh v. State, 148 Tex. Cr. Rep. 277, 186 S. W. 2d 258. Under the facts before us here, we find the same to be sufficient.

There was no evidence that appellant acted under the immediate influence of sudden passion arising from an adequate cause. He testified that he remembered nothing which occurred. The state's evidence was that he became angry when a chair was moved and he fell to the floor, but the killing did not occur until five or ten minutes later. In the meantime, he had left the building, and when he returned he fired the shots without further provocation.

Finding no reversible error, the judgment of the trial court is affirmed.

WOODLEY, Judge (concurring).

The theory that evidence should have been introduced in support of the court's order changing the venue on his own motion is contrary to the rule in effect since the early case of Cox v. State, 8 Tex. App. 254, 283. There in discussing a change of venue *on the court's own motion* the Court of Appeals said:

"The correct doctrine is that the change of venue in any case depends upon whether the judge is satisfied as to its expediency or inexpediency; and his discretion determining it will not be revised unless it is clearly apparent that it has been abused. If, then, the judge is the power that must be primarily and ultimately satisfied, why the necessity of introducing proof to satisfy him, when he is already satisfied without proof? In other words, why prove to him a fact with regard to which, when proved, he must exercise his own discretion, when he is already sufficiently possessed of a knowledge of the fact, and prepared to act upon it on his own motion?"

The question of what facts must be established in order to require the court to change the venue on motion of the defendant or of the state is not here involved. The sole question is whether this court should hold that the record shows an abuse of discretion on the part of the trial judge in changing the venue on his own motion. No such abuse of discretion appears.

DAVIDSON, Judge (dissenting).

Changing the venue in this case over appellant's objection was error which requires a reversal of this conviction.

The judge of the 51st Judicial District Court of Tom Green County, the court in which the indictment in this case was filed and pending, reached the conclusion that the venue of the case should be changed to Nolan County and, upon his own motion and without either the state or the appellant requesting or seeking a change of venue, entered the order changing the venue.

The reasons prompting and upon which that order was entered are stated in the order, as follows:

"And it appearing to the satisfaction of the Court that a trial alike, fair and impartial to the accused and to the State cannot be had in this County of Tom Green because of the wide-spread publicity given this case, both at the time the original complaint was filed and during two previous attempts to try this case which resulted in mis-trials. On December 14, 1957, the date the original complaint was filed, the San Angelo Standard Times, a newspaper of wide circulation in this County, carried a front page headline story of the matter with accompanying pictures and such information was likewise disseminated in this county by radio and television. In the two previous attempts to try this case in this County, six hundred (600) veniremen were summoned but each trial resulted in a hung jury and a mis-trial, and in each instance the local newspaper carried front page accounts of the proceedings and said occurrences and proceedings have been a topic of conversation among the citizens of this County and have been widely discussed and opinions voiced and expressed thereon, and for said reasons a trial, alike, fair and impartial to the accused and to the State cannot be had in Tom Green County and all adjoining counties are subject to the same valid objection."

In open court, appellant entered his exception to the action of the court.

When the case was called for trial in Nolan County, appellant again registered his objection to the change of venue by a motion to have the venue returned to Tom Green County This motion was overruled, and appellant excepted to the ruling of the court.

The appellant has properly perfected his record to entitle him to have this court determine the question.

It is not very often that we find a case where the trial judge, of his own motion and over the objection of the accused and without any request from the state, changes the venue in a criminal case. Yet such is the situation before us, here.

Art. 560, C. C. P., confers upon a trial judge the power to change the venue in a criminal case, upon his own motion, when he is "satisfied that a trial, alike fair and impartial to the accused and to the State, can not, from any cause, be had in the county in which the case is pending," in which order he shall state "the grounds for such change of venue."

While, upon its face, that statute appears to be rather all-inclusive and appears to authorize arbitrary action, yet the construction placed thereon is that the action of the judge is subject to review for an abuse of discretion. Norwood v. State, 116 Tex. Cr. R. 283, 34 S. W. 2d 590; Lacy v. State, 133 Tex. Cr. R. 363, 111 S. W. 2d 264.

When, in the instant case, the reasons assigned by the court are analyzed, it will be seen that they are divided into two parts: (a) newspaper, radio, and television publicity, and (b) the number of veniremen summoned upon previous trials. There is not a line of evidence to authorize or support those conclusions. No witness testified in support thereof, or to any facts as a basis therefor.

The sole and only sources for the conclusions expressed by the trial court are his independent opinions, ideas, thoughts, and knowledge, as stated in the order.

It is by reason of that fact that I can not agree that the court was authorized to change the venue in this case over the active objection of the appellant.

I do not think that any district judge has the lawful right

to change the venue of a case, over the protest of the accused, solely upon his idea and opinion and without hearing evidence in support thereof or upon the subject of change of venue.

In my opinion, such, in effect, is what has here happened. The following cases are directly in point in sustaining my position. Leonard v. State, 53 Tex. Cr. R. 187, 109 S. W. 149; Graham v. State, 72 Tex. Cr. R. 9, 160 S. W. 714; Lagow v. State, 81 Tex. Cr. R. 460, 197 S. W. 217.

In the Leonard case the trial court qualified a bill of exception concerning the overruling of a motion for continuance by giving as a reason therefor certain facts and opinions which were no part of the record in the case or testified to by any witness.

In that case, in holding it error to overrule the motion for continuance this court said:

"We have, as we should have, great respect for any finding of fact by the trial court, and if there was any evidence taken on this contest supporting such finding, we would not hesitate to uphold the conclusion of the trial judge; but, in view of the record, as it comes before us, the testimony of the deputy sheriff and policemen that they had been searching for this witness, as requested by appellant, appellant's affidavit that the witness was not absent by his consent or procurement, and a similar affidavit of the missing witness, and with no statement from any one to the contary, we can scarcely bring ourselves to believe that the opinion of the trial court on this question is supported by the record."

In the Graham case it is pointed out:

"In the qualification to one of the bills (of exception) the court states a lot of facts, or what purports to be facts, that are dehors the record, and about which he was not authorized to qualify the bills of exception, because they were independent statements, and if these were facts, and were thought necessary to be stated in the connection in which they are used, he would have to testify like any other witness upon the controverted points."

The Leonard case is cited as supporting that holding.

In the Lagow case, the trial court qualified the bill of exception by saying, among other things, that local option was in effect in the county.

There was no evidence of that fact in the case. This court there said:

"If the judge desired to testify in the case, he should have been sworn as any other witness in regard to matters to this character."

Applying the rule stated in those cases to the instant case, it is apparent that if, in ordering the change of venue, the trial court knew of the newspaper publications and other facts which he certified as existing he "should have been sworn as any other witness" in the case.

This court would then have been in position to determine if an abuse of discretion existed. As is here presented, there are no facts before us from which we can make that determination.

But in order to sustain him in his contention that the venue of this case was wrongfully changed, appellant is not relegated, alone, to what I have heretofore said.

Everything stated in the order changing the venue, together with the facts stipulated by the state and the appellant, may be taken as having been established by evidence adduced upon the trial, yet such did not authorize the change of venue in this case over the active protest of the appellant.

Attention is called to the prior holdings of this court upon the subject.

In Jones v. State, 156 Tex. Cr. R. 248, 240 S. W. 2d 771, following the earlier cases of Walker v. State, 124 Tex. Cr. R. 112, 60 S. W. 2d 455, and Outlaw v. State, 125 Tex. Cr. R. 636, 69 S. W. 2d 120, this court held that mere newspaper publicity and notoriety from publication of articles detailing what purported to be the facts of the case, and other claimed prejudicial statements were not sufficient to require a change of venue. See, also, McCarley v. State, 161 Tex. Cr. R. 263, 276 S. W. 2d 300.

The holding in those cases condemns as insufficient to change the venue of this case the finding in the count's order of widespread publicity given by newspaper and other media. Yet my brethren, here, in the face of and without overruling the cases above cited, hold that newspaper publicity is sufficient to warrant a change of venue, without any evidence as to what was said or printed in the newspaper.

In his order and as a further reason for changing the venue in connection with the newspaper publicity, the trial court says that in the two previous attempts to try the case six hundred veniremen had been summoned but that each trial resulted in a hung jury and a mistrial.

Now bear in mind that there is nothing in that finding indicating how many of those veniremen actually attended the trial of the case, how many of them were examined, how many selected, how many excused, and how many expressed fixed opinions in the case. As to such facts, the order is entirely silent.

In connection with the question as to the number of veniremen selected, it is entirely proper to examine the facts stipulated by counsel for the state and counsel for the appellant. Here are the stipulated facts:

"1.

"This case has been twice tried in the 51st Judicial District Court of Tom Green County, Texas, resulting in a hung jury and a mistrial of said case.

"2.

"That at each of said trials a jury was selected in less than four days in each instance of trial.

"3.

"That in the selection of the jury the Court was required to have in attendance at each trial less than 300 jurors from whom a jury was to be selected.

"4.

"That at each of said trials neither the State of Texas nor the Defendant exercised all of its or his peremptory challenges.

"5.

"That in the trial of the case in each instance the juries which disagreed were not in retirement for more than 36 hours in each instance.

"6.

"That the jury-wheel containing the names of qualified jurors of Tom Gren County, Texas, contains more than the names of 10,000 jurors.

"7.

"That at each trial heretofore held, there was in attendance, after excuses and absences, less than 100 jurors on each original qualified panel. And additional tailsmen were summoned before the jury was completed."

Nowhere can it be said that from those facts there was any prejudice reflected either for or against the state or the appellant in the examination of the prospective jurors. Nowhere is there any fact by which it may be ascertained how many of the jurors examined were in attendance and were excused because of opinions or bias in the case.

The facts stated in the order of the court and in the stipulation of the facts do not reflect that any prejudice existed because the case had been twice tried in Tom Green County.

Venue is here changed, then, over the protest of the accused, without the least showing that a fair jury could not have been selected in Tom Green County to try this case or that any jury selected would carry into the jury box and into their verdict prejudice for or against either the appellant or the state.

It is interesting to note the position to which this court has brought itself in recent years as to the facts which must be established in order to require a change of venue in a criminal case. Here is what the court said in 1958 in Slater v. State, 166 Tex. Cr. R. 606, 317 S. W. 2d 203:

"We have not been furnished with the voir dire examination of the venire panel, and we only know that at the time the jury was selected 27 names on a venire of 125 had not been reached and that the appellant had exercised only eleven

of his peremptory challenges. There is no showing as to how many veniremen were excused because of a fixed opinion. There is a complete absence of any showing that prejudice against the appellant found its way into the jury box at his trial. This Court has held that such is requisite and the fairest test of whether venue should be changed."

Some nine cases, including one by the Supreme Court of the United States, are cited as supporting the rule expressed.

It should be pointed out that the Supreme Court case, Stroble v. California, 343 U. S. 181, 72 S. Ct. 599, 96 L. Ed. 872, is not here in point and controlling. The question there was whether newspaper publicity constituted a denial of due process. No question of change of venue under a statute of the State of California was before the court or involved in that case.

The Slater case and the rule announced above were approved in Kizzee v. State, 166 Tex. Cr. R. 191, 312 S. W. 2d 661, a death penalty case wherein we said:

"On the merits, we observe that the voir dire examination of the veniremen has not been brought forward to this Court, and there is a complete absence of any showing that any prejudice against appellant, if any existed, found its way into the jury box * * * ."

Attention is called to the fact that Kizzee was penalized because he did not bring the "voir dire examination of the veniremen" before this court—and this, in the face of the fact that Kizzee was denied the right to examine the veniremen and interrrogate them as witnesses in connection with and in support of his motion for a change of venue.

The denial of the right to interrogate the veniremen was there justified because it would be against " 'orderly procedure and sound public policy.' "

So, in a death penalty case, this court finds itself saying to the accused: "You are penalized and your motion to change venue is overruled because you did not show that any prejudice against you found its way into the jury box, and at the same time you are forbidden to interrogate the prospective jurors to determine if prejudice existed."

The latest expression from this court re-affirming and

following the rule in Slater v. State, supra, is to be found in Philpot v. State, No. 31,025, opinion delivered January 6, 1960, (page 91 this volume) 332 S.W. (2d) 323.

In that case, which carried the death penalty, the trial court permitted the voir dire examination of the prospective jurors during the selection of the jury. The evidence adduced upon the hearing of the motion for new trial was also before the court. In that case, this court said:

"While the record reflects that appellant's case had received both newspaper and radio publicity in Gregg County which had been read and heard by some of the prospective jurors, the record does not reflect that any juror served in the case who stated that he could not set aside any opinion which he may have formed and try the case solely upon the evidence admitted at the trial. There is an entire absence in the record of proof that any prejudice against the appellant found its way into the jury box. It has been held that newspaper publicity alone does not establish prejudice or require a change of venue. Jones v. State, 240 S.W. 2d 771. It is also the rule that irrespective of the amount of news coverage a crime may receive, in the absence of a showing that any prejudice against the accused found its way into the jury box, this court is reluctant to reverse a conviction upon the failure to change venue. Jones v. State, 240 S.W. 2d 771 and McCarley v. State, 276 S.W. 2d 300. Under this record here presented we perceive no error in the court's refusal to grant appellant's motion for a change of venue."

An analysis of that holding reflects that this court has now reduced the right to a change of venue to a showing that prejudicial juries and jurors with fixed opinions against the accused actually participated in the verdict rendered. Such construction is required by the use of the words:

" * * * the record does not reflect that any juror served in the case who stated that he could not set aside any opinion which he may have formed and try the case solely upon the evidence submitted at the trial."

So then it is now the holding of this court that the only way a new trial will be awarded on account of the trial court's failure to grant the accused a change of venue is for the accused to show that a prejudiced and disqualified juror actually served on the jury rendering the verdict.

To the accused this court says that there exists no such thing as the right, before trial, to a change of venue in a criminal case. The only right the accused now has with reference to a change of venue is to secure a new trial after he has been convicted by a jury composed of at least one prejudiced and therefore disqualified juror—and this, only after he has first filed and presented his motion for change of venue in accordance with the statute law of this state. In other words, a change of venue is no longer a matter of right which the accused is entitled to have determined before and prior to the trial of the case. He must first undergo, instead, a trial before his right to be tried in another and different atmosphere can be established.

All this is pointed out to show that under no decision of this court would the facts, as found and certified by the trial court in his order and those stipulated, have been sufficient to change the venue of the case at the motion of the appellant. Yet in the face of those facts and the prior decisions touching the subject, the majority of this court here hold that the trial court, by his own motion and over the protest of the appellant and over his objection, was perfectly warranted and fully justified in changing the venue of the case.

Thus there is one rule for the accused and another and different rule for the state, upon the same subject covering the same legal proposition. The inconsistency is apparent.

If the trial court is to change the venue on his own motion, over the protest of the accused, such ought to be under the same rules and the same rules ought to apply as are applied against the accused when seeking a change of venue. Such is the construction that should be given Art. 560, C. C. P.

It is only by that construction that the exercise of arbitrary rule and discriminatory practice in according to one that which is denied to another can be avoided. Any other construction would defeat that fundamental fairness necessary to the concept of equal justice in the trial of a criminal case.

Finally, if the appellant be required to show injury by the change of venue rather than for the state to show non-injury, attention is called to the fact that on two separate trials in Tom Green County the jury were unable to agree, but in Nolan County, to which county the venue was changed, appellant received a twenty-five-year sentence. Surely, such is at least sufficient to show a prima facie case of injury.

The venue in this case should not have been changed over appellant's protest.

The conviction in this case should be set aside and the cause should be remanded to the district court of Nolan County with instructions to transfer it to the 51st Judicial District Court of Tom Green County.

I respectfully dissent.